## DEPARTMENT OF ADMINISTRATIVE SERVICES *v.* WILLIAM GERACE
### (15423)

Callahan, C. J., and Berdon, Norcott, McDonald and Peters, Js.

Argued December 10, 1996—officially released January 21, 1997

*Robert A. Nagy*, assistant attorney general, with whom were *Denise S. Mondell*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, for the appellant (plaintiff).

*David M. Poirot*, with whom was *Steven F. Meo*, for the appellee (defendant).

PER CURIAM. The defendant, William Gerace, an attorney, represented a client in a personal injury action. The client was a parent whose family had been the beneficiary of payments made through the Aid to Families with Dependent Children (AFDC) program. On July 14, 1992, the plaintiff, the department of administrative services, notified Gerace by letter of its statutory lien pursuant to General Statutes (Rev. to 1991) § 17-83e[1] to recover AFDC payments from any proceeds of a judgment or settlement of the personal injury

---

[1] Now codified as General Statutes § 17b-93.

action. The letter informed Gerace that upon recovery he was to send a letter to the plaintiff requesting a final statement of the amount of the state's lien. The plaintiff's letter further indicated that if the plaintiff did not send a final statement within thirty days of such a request, Gerace would be free to release the entire proceeds. See General Statutes § 17b-94 (a). On September 4, 1992, following settlement of the personal injury action, Gerace sent a one line letter to the plaintiff stating simply: "Please provide me with the amount of the state's lien." Forty days later, not having received a response to his letter, Gerace disbursed the entire amount of the settlement.

Subsequently, the plaintiff commenced this action claiming that Gerace had violated the plaintiff's statutory lien rights to the proceeds of the settlement. In its complaint, the plaintiff alleged that Gerace had failed to comply with the provisions of General Statutes (Rev. to 1991) § 17-83f[2] in that he had failed to notify the plaintiff of the settlement and had disbursed the proceeds of the settlement in violation of the plaintiff's lien rights and thereby had "effected a conversion." The plaintiff's claim was that, without reference to a final figure, Gerace's one line letter was insufficient notice to it that the action had been settled and that a *final* figure as to the amount of its lien was requested. His letter, therefore, was claimed to have given inadequate notice to the plaintiff that a reply was required within thirty days.

The matter was heard by a fact finder who recommended that judgment be rendered in favor of Gerace. The trial court accepted the fact finder's report and rendered judgment in accordance with the fact finder's recommendation. The plaintiff appealed to the Appellate Court, which affirmed the judgment of the trial

---

[2] Now codified as General Statutes § 17b-94.

court. *Commissioner of Administrative Services* v. *Gerace*, 40 Conn. App. 829, 673 A.2d 1172 (1996). We granted certification limited to the following issue: "What information must an attorney present to the commissioner of administrative services, pursuant to General Statutes § 17b-94, to trigger the thirty day period for advising the attorney of the amount of the state's lien against the proceeds of a cause of action?" *Commissioner of Administrative Services* v. *Gerace*, 237 Conn. 916, 676 A.2d 397 (1996).

After having read the record and the appellate briefs of the parties and having considered their arguments, we have determined that certification of this matter was improvidently granted.

The appeal is dismissed.