STATE OF CONNECTICUT *v.* SUZANNE M. GORDON, CONSERVATRIX (ESTATE AND PERSON OF ESTHER RICHARDS)
(AC 16154)

Dupont, C. J., and Lavery and Landau, Js.

Argued March 21—officially released June 17, 1997

*Robert A. Nagy*, assistant attorney general, with whom were *Denise S. Mondell*, assistant attorney general, and, on the brief, *Richard Blumenthal*, attorney general, for the appellant (plaintiff).

*James P. Connolly*, for the appellee (defendant).

*Opinion*

LANDAU, J. The plaintiff, state of Connecticut, department of social services, appeals from the judgment of the trial court, reversing in part the approval by the Probate Court for the district of West Hartford of the periodic account filed by the defendant, Suzanne M. Gordon. On appeal, the plaintiff argues that the trial

court improperly (1) remanded the case to the Probate Court, (2) concluded that a separate and distinct petition for additional fees for extraordinary services pursuant to General Statutes § 45a-594 (a) was not required, and (3) permitted the Probate Court judge to testify. The judgment of the trial court is affirmed in part and reversed in part.

The facts are not in dispute. The plaintiff petitioned the Probate Court to appoint a conservator for Esther Richards on the ground that she exhibited a high level of confusion and dementia. The Probate Court appointed the defendant to be the conservatrix of the estate and person of Richards on January 25, 1994. The defendant filed a fiduciary's periodic accounting, pursuant to General Statutes § 45a-177 (a), in the Probate Court for the period of January 25, 1994, through January 24, 1995. The accounting reflected, inter alia, Richards' income for the year and the defendant's claimed fiduciary fee of $11,835, for her services as the conservatrix.[1] The Probate Court scheduled a hearing to consider the accounting petition and sent notice of the hearing to the department of social services. No notice, however, was given to the commissioner of administrative services (commissioner) as required by § 45a-594 (a), and no separate and distinct petition seeking additional fees for the claimed extraordinary services was filed by the defendant.[2] The Probate Court

---

[1] The accounting revealed that the estate had assets on hand for distribution of $85,287.43, and Richards' income for the year totaled $45,464.34.

[2] General Statutes § 45a-594 (a) provides: "Compensation payable to the conservator or guardian of any person who is supported wholly or in part by the state in any humane institution, or who is receiving benefits under any of the state's programs of public assistance, shall be based upon services rendered and shall not exceed five per cent of the gross income to the estate during the period covered by any account. The conservator or guardian shall be entitled to compensation of not less than fifty dollars for any accounting period continuing for at least a year. If extraordinary services are rendered by any conservator or guardian, the court of probate, upon petition and hearing, may authorize reasonable additional compensation. A

conducted a hearing on the claimed fiduciary fee and the overall accounting, and subsequently entered its order and decree approving the proposed periodic accounting.

The plaintiff appealed to the trial court, claiming that the Probate Court's award of fees in excess of the § 45a-594 (a) fee limitation of 5 percent of the gross income to the estate was improper because no separate petition claiming additional fees for extraordinary services was filed by the conservatrix, and because the commissioner of administrative services was not given notice as required under the statute. The trial court, hearing the case de novo, concluded that a separate and distinct petition for additional fees for extraordinary services was not required. The trial court did conclude, however, that § 45a-594 (a) mandates that the Probate Court serve notice to the commissioner at least ten days before the hearing date. See footnote 2. The trial court further concluded that the notice requirement is mandatory, and the failure of the Probate Court to give such notice rises to the level of a jurisdictional defect. It sustained the appeal and remanded the case to the Probate Court for proper notice and a new hearing on the fiduciary fees. The plaintiff filed this appeal.

I

The plaintiff claims that the trial court improperly remanded the case to the Probate Court. The plaintiff argues that the trial court lacked jurisdiction to order a remand in these circumstances and that it was required to conduct proceedings de novo and enter a final, conclusive decision. The defendant argues that

copy of the petition and notice of hearing shall be lodged in the office of the Commissioner of Administrative Services in Hartford at least ten days before the hearing. No commission or compensation shall be allowed on any moneys or other assets received from a prior guardian or conservator nor upon any amount received from liquidation of loans or other investments."

as a result of the lack of notice to the commissioner, the Probate Court lacked the jurisdiction to approve the periodic accounting, and, thus, the trial court also lacked jurisdiction to decide the appeal.

"An appeal from a Probate Court to the Superior Court is not an ordinary civil action. *Slattery* v. *Woodin*, 90 Conn. 48, 50–51, 96 A. 178 (1915); *Silverstein's Appeal from Probate*, 13 Conn. App. 45, 52–53, 534 A.2d 1223 (1987). When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate. *Satti* v. *Rago*, 186 Conn. 360, 365, 441 A.2d 615 (1982); *Stevens' Appeal*, 157 Conn. 576, 581, 255 A.2d 632 (1969); *Dunham* v. *Dunham*, 97 Conn. 440, 443, 117 A. 504 (1922); *Slattery* v. *Woodin*, supra, 51; *Wilson* v. *Warner*, 84 Conn. 560, 564, 80 A. 718 (1911); *Hewitt's Appeal from Probate*, 53 Conn. 24, 35, 1 A. 815 (1885); *Davis's Appeal from Probate*, 39 Conn. 395, 400 (1872). In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court. *Slattery* v. *Woodin*, supra [51]; *Tolles's Appeal from Commissioners*, 54 Conn. 521, 524, 9 A. 403 (1886); *Silverstein's Appeal from Probate*, supra, 53.

"The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo. *Baskin's Appeal from Probate*, 194 Conn. 635, 641, 484 A.2d 934 (1984); *Satti* v. *Rago*, supra, [186 Conn.] 364–65; *Stevens' Appeal*, supra, [157 Conn.] 580–81; *Hotchkiss' Appeal*, 89 Conn. 420, 432, 95 A. 26 (1915); *Silverstein's Appeal from Probate*, supra, [13 Conn. App.] 54." *Kerin* v. *Stangle*, 209 Conn. 260, 263–64, 550 A.2d 1069 (1988). Thereafter, upon "consideration of all evidence presented on the appeal which would have been admissible in the probate court, the superior court should exercise the same power of judgment which the

probate court possessed and decide the appeal as an original proposition unfettered by, and ignoring, the result reached in the probate court." *Prince* v. *Sheffield*, 158 Conn. 286, 298, 259 A.2d 621 (1969); *Andrews* v. *Gorby*, 237 Conn. 12, 16, 675 A.2d 449 (1996).[3]

It is undisputed that the commissioner did not receive notice of the hearing as required by § 45a-594 (a). The trial court concluded, in its memorandum of decision, that the notice requirement is mandatory and the failure to give notice rises to the level of a jurisdictional defect. "It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. See *Sears* v. *Terry*, 26 Conn. 273, 284 [1857]. Our courts of probate have a limited jurisdiction and can exercise only such powers as are conferred on them by statute." *Heiser* v. *Morgan Guaranty Trust Co.*, 150 Conn. 563, 565, 192 A.2d 44 (1963). Thus, the trial court properly concluded that the Probate Court lacked jurisdiction to render its order and decree awarding fiduciary fees in excess of 5 percent of the annual gross income.

The issue is what is the consequence of this jurisdictional defect. The state argues, relying on *Prince* v. *Sheffield*, supra, 158 Conn. 286, that the trial court must render a final and conclusive order disposing of the matter before it, and, as a result, the trial court's remand to the Probate Court was improper. In addition, the plaintiff argues that, absent notice to the commissioner, the defendant's fiduciary fee is limited to the statutory

[3] General Statutes § 45a-186 (a) does provide an exception where a trial de novo is not required. Section 45a-186 provides in relevant part: "Appeals from any decision rendered in any case after a record is made under sections 51-72 and 51-73 shall be on the record and shall not be a trial de novo." In the present case, no record was made before the Probate Court. The absence of a record required a trial de novo.

maximum, i.e., 5 percent of the gross income of Richards' estate during the preceding year.[4] Conversely, the defendant argues that the trial court properly remanded the case to the Probate Court to give notice to the commissioner, to hold a hearing and to render a new order and decree. We agree with the defendant.

While the scope of the trial court's jurisdiction over probate appeals has been expanded by *Prince* v. *Sheffield,* supra, 158 Conn. 286, and its progeny, it remains that some matters are properly remanded to the Probate Court for further proceedings. This includes instances where the Probate Court, due to its familiarity with the parties and the circumstances of the particular case, is vested with discretionary authority. See, e.g., General Statutes §§ 45a-175, 45a-177 and 45a-594; see also R. Folsom, Connecticut Estates Practice, Probate Litigation (1992) § 7:10, pp. 283–84.

In *Satti* v. *Rago,* supra, 186 Conn. 360, our Supreme Court entertained an appeal from a trial court order remanding the case to the Probate Court for purposes of a resale of the subject property where the fiduciary had failed to notify the plaintiff heir of a proposed sale. The Supreme Court reasoned that "[t]he power of the Probate Court to order the sale of such property is special and statutory and the authority must be strictly followed, otherwise the order of sale will be void." Id., 365, citing *Offredi* v. *Huhla,* 135 Conn. 20, 23, 60 A.2d 779 (1948). The court concluded that the sale was invalid without proper notice to the plaintiff, a possible bidder, and affirmed the trial court's remand of the case with direction to order another sale upon the giving of proper notice to all interested parties. In doing so, the Supreme Court approved of the trial court's remand to the Probate Court "for a fresh start."

---

[4] Richards' income for the year totaled $45,464.34, 5 percent of which is $2273.22.

Pursuant to § 45a-594 (a), the Probate Court is vested with the discretionary authority to determine the amount of a conservator's compensation. Section 45a-594 (a) provides in relevant part that "[i]f extraordinary services are rendered by any conservator or guardian, the court of probate, upon petition and hearing, may authorize reasonable additional compensation. . . ." Further, the Probate Court, due to its familiarity with the parties and the specific facts of this case, can efficiently determine whether the defendant is entitled to additional compensation. Therefore, we conclude that the trial court properly remanded the case to the Probate Court so that the commissioner could be properly notified.

## II

The plaintiff next argues that the trial court improperly concluded that a separate and distinct petition for additional fees for extraordinary services pursuant to § 45a-594 (a) was not required.[5] We agree.

"In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature. . . . It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation. . . . [W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . *Dos Santos* v. *F. D. Rich Construction Co.*, 233 Conn. 14, 20, 658 A.2d 83 (1995). We look to the legislative history of a statute only if it is ambiguous. *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 187, 592 A.2d 912 (1991). A statute does not become ambiguous because the parties argue its meaning differently. *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, 216 Conn. 40, 63, 578 A.2d 1054 (1990). The legisla-

---

[5] The defendant did not address this argument in her brief.

tive intent is to be found, not in what the legislature intended to say, but in the meaning of what it did say. *Lees* v. *Middlesex Ins. Co.*, 219 Conn. 644, 652, 594 A.2d 952 (1991). We must construe a statute without reference to whether we feel that it might be improved by adding to it or interpreting it differently. See *Emergency Medical Services Commission* v. *Freedom of Information Commission*, 19 Conn. App. 352, 355, 561 A.2d 981 (1989). It is our duty to apply the law, not to make it. *Murray* v. *Lopes*, 205 Conn. 27, 34, 529 A.2d 1302 (1987)." (Internal quotation marks omitted.) *Commissioner of Administrative Services* v. *Gerace*, 40 Conn. App. 829, 832–33, 673 A.2d 1172, appeal dismissed, 239 Conn. 791, 686 A.2d 993 (1997) (certification improvidently granted).

The trial court concluded in its memorandum of decision that § 45a-594 (a) does not require a guardian or conservatrix to file a separate and distinct petition for additional fees when extraordinary services are claimed. The trial court found that, although the defendant's filing of a periodic accounting pursuant to § 45a-177 (a) failed to describe the extraordinary services provided and the basis for the additional compensation requested, it satisfied the requirements of the statute.

Section 45a-594 (a) provides that compensation for guardians and conservators shall be based on the services rendered and "shall not exceed five per cent of the gross income to the estate during the period covered by any account. . . ." That statute further provides that if a guardian or conservator rendered extraordinary services, "the court of probate, *upon petition and hearing*, may authorize reasonable additional compensation. . . ." (Emphasis added.) The language of § 45a-594 (a) is clear and unambiguous. We, therefore, assume that it expresses the intention of the legislature, and we need inquire no further. We conclude that § 45a-594 (a) requires that a guardian or conservator who claims

a fee that exceeds the statutory maximum must file a separate petition setting forth the basis for the additional compensation. As a result, we reverse the trial court's finding that the accounting satisfied § 45a-594 (a).[6]

The judgment is reversed only as to its determination that a separate petition setting forth the basis for the additional compensation as mandated by § 45a-594 (a) was not required, and the case is remanded to the trial court with direction to render judgment remanding the case to the Probate Court for further proceedings; upon remand, the separate petition mandated by § 45a-594 (a) will be required before a new hearing on the fiduciary fee and accounting can be held.

In this opinion the other judges concurred.

---

[6] The plaintiff also argues that the trial court improperly permitted the Probate Court judge to testify at the de novo trial in the Superior Court. Because we affirm the trial court's judgment remanding the case to the Probate Court for further proceedings, we do not reach this issue.