[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, City of Milford, has filed a four-count foreclosure action against the defendants, Anthony and Gloria Andresakis, for unpaid property taxes and an assessment lien allegedly owed on real estate in Milford, Connecticut, of which the defendants are the record owners.
The defendants have filed an amended answer, special defenses and counterclaims. The plaintiff filed a motion to sever the defendants' counterclaims. This motion was denied. Thereafter, the plaintiff filed a request to revise regarding the defendants' CT Page 12362 amended answer. Over the defendants' objection, the request to revise was sustained by the court.
Subsequently, the defendants, per court order, filed their revised special defenses. The plaintiff moved to strike certain of these special defenses.[1] The defendants filed a memorandum in opposition to the motion to strike.
In ruling on a motion to strike special defenses, the court must take the facts to be those alleged in the special defense.Connecticut National Bank v. Douglas, 221 Conn. 530, 537,606 A.2d 684 (1992). Special defenses are to be construed in a manner most favorable to sustaining their legal sufficiency. Id.
I. The third and fourth special defenses to the first count.
The third special defense to the first count alleges that the defendants were induced into agreements leading to the lien with the plaintiff and were made under duress. The fourth special defense to the first count alleges that the plaintiff committed fraud by agreeing to do work on the defendants' property which it did not do.
The plaintiff maintains that these special defenses should be stricken as they have no valid connection with the subject matter of the foreclosure action. The defendants' argue that both of these special defenses concern the "revetment project" from which the lien arose and are inseparable from the foreclosure action.
Equitable defenses in foreclosure actions are considered proper when they "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lien holder."Dime Savings Bank v. Albir, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.). The defendants' third defense to the first count does allege facts that challenge the "making, validity, or enforcement of the lien." The third defense to the first count attacks the validity of the lien and not merely the behavior of the lienholder. Provident Financial Service v. Berkman, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.). The plaintiff's motion to strike the third special defense to the first count is denied.
The defendants' fourth special defense to the first count CT Page 12363 does not allege facts that challenge the "making, validity or enforcement of the lien." Unlike the third special defense, the fourth special defense attacks the conduct of the plaintiff in alleging that the plaintiff failed to do agreed upon work. In doing so, the fourth special defense sets forth a contract claim outside of the subject matter of the foreclosure action. The plaintiff's motion to strike the fourth special defense to the first count is granted.
II. The third special defense to the fourth count.
The defendants' special defense alleges that "the plaintiffs committed fraud and have unclean hands." The plaintiff argues that this defense rests in "tort and breach of contract" and must be stricken as this court has already held that these claims have no connection with the subject matter of the foreclosure action at hand. The defendant argues that if supported by alleged facts, a special defense based on fraud and/or unclean hands is permitted.
Fraud is a fact to be specially pleaded. Snetco v.Guardian System, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 358589 (January 23, 1995, Martin, J.). An action for fraud or misrepresentation requires proof of four elements: (1) that a false representation was made as a statement of fact; (2) that it was untrue and was known to be untrue by the party making it; (3) that it was made to induce the other party to act on it and (4) that the other party acted on the representation to its injury. Berkeley Federal Bank Trustv. Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1993, West, J.). In the present case, the fourth element in particular is pleaded as a legal conclusion. As the fourth element (actual detriment) is never alleged in the third special defense to the fourth count, the defendants have not alleged a special defense based on fraud.
The defense of unclean hands to a mortgage foreclosure has generally been disallowed in this state. The Norwich SavingsSociety v. Hunter, Superior Court, judicial district of New London at Norwich, Docket No. 108808 (April 2, 1996, Walsh, J.). See Mechanics Farmers Savings Bank, FSB v. Delco DevelopmentCo., Inc., 43 Conn. Sup. 408, 420, 656 A.2d 1075 (1993). The doctrine of unclean hands, however, has been held as a valid defense in instances where it is directed at the validity or enforceability of the mortgage note or lien. The Norwich SavingsCT Page 12364Society v. Hunter, supra, Superior Court, Docket No. 108808.
The defendant's special defense alleges that the plaintiff entered into the underlying agreement with unclean hands and knowledge that the plaintiff would not uphold its side of theMetals Selling Corp., 229 Conn. 771, 793-794, 643 A.2d 1253
(1994).
Equitable estoppel can be asserted as a special defense to a foreclosure action. Rinere v. M. Kalfus Building Design,
Superior Court, judicial district of New Haven at New Haven (January 30, 1997, Celotto, S.T.R.). See Tradesman's NationalBank of New Haven v. Minor, 122 Conn. 419, 422-25, 190 A.2d 270
(1937). However, equitable defenses are limited to those defenses which attack the making, validity or enforcement of the lien.Berkeley Federal Bank Trust v. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J).
In the present case, the defendants argue that equitable estoppel precludes the plaintiff from collecting on the underlying assessment. The defendants argue that the plaintiff's withdrawal of an unjust enrichment claim in District Court bars the plaintiff from asserting the claim now.
The plaintiff's motion to strike is granted. The defendants do not claim equitable estoppel based on any actions by the plaintiff which attack the making, validity or enforcement of the assessment. Nor do the defendants allege necessary reliance and detriment as required by the two-pronged test for equitable estoppel. The defendants' seventh defense to the fourth count does not state a valid special defense and must be stricken.
IV. Fifth Special Defense to the fourth count.
The defendants' special defense argues that under legislation authorizing municipal flood and erosion control boards,[2] the municipality does not have a right to bring an action to foreclose delinquent assessments. In its motion to strike, the plaintiff contends that the defendant has misconstrued General Statutes § 25-84 et seq. Plaintiff argues that §25-88[3] specifically creates a right of foreclosure by reference to § 7-140.[4]
The defendant, however, maintains that the remedy for CT Page 12365 delinquent payments as specified in § 25-93[5] is the sole remedy available to the municipality. The defendants argue that the "subject to" language of § 25-88 is language of restriction and not inclusion. According to the defendants, "subject to" is not the same as "together with" or "in addition to".
"In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature . . . . It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation . . . . [W]hen the language of the statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent . . . . A statute does not become ambiguous because the parties argue its meaning differently . . . . The legislative intent is to be found, not in what the legislature intended to say, but in the meaning of what it did say . . . . We must construe a statute without reference to whether we feel that it might be improved by adding to it or interpreting it differently." (Citations omitted; internal quotation marks omitted.) State v. Gordon, 45 Conn. App. 490, 497, 696 A.2d 1034
(1997).
The plaintiff's motion to strike the fifth special defense to the fourth count is granted. The clear language of the statutes in question show that the municipality may bring an action to foreclose a delinquent assessment.
General Statutes § 52-88 provides that assessments are to be made "subject to" §§ 7-139 — 7-145. The dictionary defines "subject to" as "liable; subordinate; subservient; inferior, obedient to; governed or affected by; provided that; provided; answerable for." Black's Law Dictionary (5th edition). The language of § 52-93, meanwhile, does not contain any language suggesting that it is the sole remedy available to the assessment board. The legislative intent is to be found not in what the legislature intended to say, but in the meaning of what it did say. Id. Consistent with the definition of "subject to", the assessment method provided by General Statutes § 52-88 must be read as providing the assessment board with the ability to invoke § 7-140 and seek foreclosure on a delinquent assessment.[6] Accordingly, the plaintiff's motion to strike the fifth special defense to the fourth count is granted. CT Page 12366
V. Fourth and fifth special defenses to the second count.
In the fourth and fifth special defenses to the second count, the defendants allege that the plaintiff refused payment for owed property taxes and imposed a lien instead. The plaintiff argues that these special defenses must be stricken as the alleged refused payments actually involve settlement offers which, as a matter of public policy, are not legally sufficient special defenses. The defendants counter that the payments do not refer to any settlement offers, but rather offers of payment made prior to the foreclosure action.
The defendants equate their special defense of the plaintiff refusing payment as being analogous to the special defense of refusal to agree to a favorable sale to a third party in a foreclosure action where the mortgagee is required to reduce its debt by agreeing to such a sale. See Monument Realty, Inc. v.Youmatz, Superior Court, Judicial District of Litchfield (February 18, 1997, Pickett, J.T.R.). As such, the defendants argue that the fourth and fifth special defenses to the fourth count are valid equitable defenses.
"[T]he concept of mitigation of damages is inapplicable to a mortgage foreclosure action where the damages consist of a sum certain . . . ." Fleet Bank v. Barlas, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 518205 (June 29, 1994, Aurigemma, J.). As such, the plaintiff in a foreclosure action may refuse to accept any attempt at payment following default. Berkeley Federal Bank Trust v. Rotko,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.). See also GreatWestern Bank v. McNulty, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139799 (March 16, 1995, D'Andrea, J.) (the defendant's allegations were based upon the failure of the plaintiff to engage in restructuring discussions with the defendant, which did not address the making, validity or enforcement of the note.) Cf. City of Stamford v. Fusaro,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130120 (January 30, 1996, Hickey, J.) (motion to strike special defense alleging a refusal of payment denied where special defense alleged independent agreement concerning payments).
In the present case, the defendants' allege that the plaintiff refused to accept offers of payments prior to the CT Page 12367 initiation of foreclosure. The defendants do not allege that the plaintiff refused payment prior to the date any property taxes were due. Nor do the defendants allege that a separate agreement possibly governs the refusal of any payments. In light of the cases cited above, the plaintiff's motion to strike the fourth and fifth special defenses to the second count is granted. Even construed in a manner most favorable to the party alleging the special defenses, the fourth and fifth special defenses to the fourth count are not valid equitable defenses that attack the "making, validity or enforcement of the lien." Dime Savings Bankv. Albir, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132582 (February 7, 1995, D'Andrea, J.).
VI. Third special defense to the second count.
In the third special defense to the second count, the defendants allege mistake. The plaintiff argues that neither mistake of law on the part of the defendants, nor any mistakes committed by the defendants when they were in a pro se capacity can be used as a special defense. The defendants, citingPetterson v. Weinstock, 106 Conn. 436, 138 A. 433 (1927), counter that mistake is a defense under the rules of equity.
The traditional special defenses available in a foreclosure action are payment, discharge, release, satisfaction and invalidity of a lien. Petterson v. Weinstock, supra,106 Conn. 441. In recognition that a foreclosure action is an equitable proceeding, courts have allowed additional defenses arising from mistake, accident and fraud. Id., 442.
"While the general statement that mistake is a ground of equitable interference is undoubtedly sound, it does not follow that all mistakes of every character constitute such ground, without reference to the circumstances. A mistake resulting from wilful or gross negligence would be an exception . . . . Equity will inquire whether a refusal of relief because of a mistake, would be unconscionable in its consequences, and a hardship to the mortgagor; or whether the enforcement of the letter of the bargain would give the plaintiff an unconscionable advantage over the defendant." Id., 443.
Viewing the special defense in a manner most favorable to the defendant, the defense alleged does not state sufficient facts to state a special defense of mistake. The defendants allege that "[I]f the above tax laws were a mistake of interpretation by the CT Page 12368 PRO SE Defendants, then the foreclosure action should not be allowed for foreclosure cannot be had if defendants did not fulfill their obligation due to mistake." The nature of the mistake in question is never alleged nor supported by other facts. Therefore the plaintiff's motion to strike the third defense to the second count is granted.
VII. Fourth, sixth and eighth special defenses to the fourth count.
Special defenses four, six and eight to the fourth count allege that the assessment levied against the defendants was in excess of the special benefit that accrued to such property. The plaintiff claims that such an allegation on the part of the defendants is inappropriate as a special defense. Rather, the plaintiff argues that the defendants should have followed the prescribed methods of General Statutes § 7-142[7] in challenging the assessment as excessive.
In its memorandum of opposition to the plaintiff's motion to strike, the defendant argues that appeal from the assessment to the Superior Court was not necessary. The defendant argues that foreclosure proceedings are equitable in nature and thus the court must consider all relevant facts to ensure that complete justice is done.
It has been repeatedly held that "a taxpayer wishing to contest the legality of its tax assessments must follow prescribed statutory procedures . . . . A taxpayer who has not sought redress in an appropriate manner is foreclosed from continuing litigation outside these statutes." (Citations omitted; internal quotation marks omitted.) Farmington v.Dowling, 26 Conn. App. 545, 549-550, cert. granted, 221 Conn. 921
(1992), cert. dismissed, 224 Conn. 592 (1993). See also Hartfordv. Faith Center, Inc., 196 Conn. 487, 493 A.2d 883 (1985).
Following this rule, the superior courts have generally stricken the special defense of unlawful assessment of taxes in foreclosure cases. See City of Danbury v. Philbury, Superior Court, judicial district of Danbury at Danbury, Docket No. 316860 (January 28, 1997, Pickett, S.T.R.); City of Bridgeport v.Res-Comm Investments, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326360 (July 9, 1996, West, J.) (17 Conn. L. Rptr. 372); City of Hartford v. Ann-High Associates.,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 521892 (June 16, 1995, Satter, S.T.R.); CityCT Page 12369of Stamford v. Daddona, Superior Court, judicial district of Stamford/Norwalk, Docket No. 127293 (November 4, 1994, Hickey, J.); Town of Stratford v. Siciliano, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 296847 (August 5, 1993, Leheny, J.)(8 CSCR 924).
One court has found that improper assessment may be raised as a special defense to a foreclosure action without previously challenging the assessment by way of the prescribed statutory method. City of Watertown v. McDonald, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 124834 (January 16, 1996, McDonald, J.). In that case, the court, after fully explaining the state of the law as to the requirement that taxpayers challenge assessments in a manner proscribed by the legislature, cited the rules of equity and allowed a special defense challenging the benefits of the assessment.
The plaintiff's motion to strike the fourth, sixth and eighth special defenses to the fourth count is granted. City ofWatertown v. McDonald has been distinguished as to its pertinent facts and is not controlling in the case at hand. See City ofBridgeport v. Res-Comm Investments, supra, Superior Court, Docket No. 326360. The defendants have not adequately pursued their statutory remedies to challenge the assessment and, therefore, cannot have alleged a sufficient special defense.
In conclusion, the Court finds the following:
1) The motion to strike the third special defense to the first count is denied, and the motion to strike the fourth special defense to the first count is granted.
2) The motion to strike the third special defense to the fourth count is granted.
3) The motion to strike the seventh special defense to the fourth count is granted.
4) The motion to strike the fifth special defense to the fourth count is granted.
5) The motion to strike the fourth and fifth special defenses to the second count is granted.
6) The motion to strike the third special defense to the CT Page 12370 third count is granted.
7) The motion to strike the fourth, sixth and eighth special defenses to the fourth count is granted.
THE COURT Corrigan, J.