[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
Presently before the court is the appellee's motion to strike reasons one, two, five, six and seven of the appellant's revised reasons of appeal and paragraphs one through five of the appellant's prayer for relief.
Motion to strike reasons one, two, five, six and seven of the appellant's revised reasons of appeal and paragraphs one through five of the appellant's prayer for relief should be granted. CT Page 6364
By order and decree dated July 9, 1998, the Probate Court for the District of Guilford admitted to probate the purported last will and codicil thereto of decedent Crawford Thompson. The will is dated May 30, 1996 and the codicil is dated December 27, 1997. By motion dated August 6, 1998, the appellants, David W. Thompson and Peter H. Thompson, sons of the decedent, appealed to the Superior Court for the Judicial District of New Haven from the decision of the Probate Court, alleging that they were aggrieved by said order and decree. On September 22, 1998, appellant Peter H. Thompson withdrew from the appeal. The appellee in this matter is the estate's executor, Gordon A. Evans.
On January 28, 1999, David W. Thompson, the remaining appellant, filed his revised reasons of appeal in which he alleges the following facts. The decedent, his sons and their spouses were beneficiaries of a sprinkle trust created by decedent's mother in 1973. In addition, the decedent and the City National Bank of Bridgeport were appointed as co-trustees. The decedent was also given a power of appointment over the trust. Prior to his second marriage in 1994, the decedent executed an antenuptial agreement wherein he waived and relinquished his right to make any appointment of the said trust res. In 1996, the decedent executed his own last will and testament, devising his estate to his wife and two sons. On December 27, 1997, the decedent executed a codicil to his will wherein he exercised the power of appointment over the trust created by his mother, in favor of his wife. The appellant alleges that the decedent's prior waiver of the power of appointment by the antenuptial agreement was consistent with General Statutes §§ 45a-568[1]
and 45a-569;[2] and that the decedent is therefore, equitably estopped and precluded from making such an appointment of the trust res because that power of appointment was extinguished (reason one).
The appellant also alleges that the decedent committed"fraud on the power of appointment" apparently by falsely informing the appellant that he had waived and relinquished his power of appointment of the trust and that the trust corpus would therefore belong to the appellant; the appellant relied on these false statements and has been "damaged by the threatened deprivation of trust proceeds." In addition, the appellant alleges that the decedent fraudulently concealed the appellant's beneficiary status in the trust and that by execution of the codicil appointing the trust to the decedent's wife, the decedent sought to perpetuate that fraud. The appellant alleges that such CT Page 6365 concealment constitutes fraud against the appellant, other beneficiaries, and against the trust donor as it undermines her testamentary intent (reason two).
The appellant also alleges that the codicil exercising the power of appointment to decedent's wife results from fraudulent misrepresentations made by the decedent's wife and the appellee about the appellant. The appellant urges that the decedent was particularly susceptible to these misrepresentations because at the time they were made, he was impaired by alcoholism and under the influence of medicinal drugs administered for his terminal illness (reason three).
The appellant also alleges that as a result of the aforesaid undue influence, the codicil does not represent the free and voluntary expression of the decedent's testamentary intent (reason four).
The appellant also alleges that the codicil's in terrorem clause violates Connecticut common law and renders the codicil invalid (reason five).
The appellant also alleges that the decedent violated a trust provision which prohibits the decedent as co-trustee from interfering with the discretion of the co-trustee bank's exercise of discretion in the payment of income or principal from the trust (reason six).
The appellant also alleges the decedent's exercise of the power of appointment to his wife violates a trust provision which prohibits the decedent from exercising the power of appointment to benefit his estate or creditors of his estate (reason seven).
Finally, the appellant alleges that the decedent's wife, as fiduciary, breached said fiduciary duty by persuading the decedent to execute the codicil in her favor (reason eight).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270. "The reasons of appeal [in a probate appeal] serve essentially the same functions in defining issues and limiting evidence as does the complaint in a civil matter." Baskin's Appeal from Probate, 194 Conn. 635, 642; see CT Page 6366 also Practice Book § 10-76(a). Therefore, a "motion to strike [may be used to] [test] . . . the legal sufficiency of the allegations of [a] motion to appeal." Merrimac Associates, Inc.v. DiSesa, 180 Conn. 511, 520 n. 3.
The appellee moves to strike reasons one, two, five, six and seven of the appellant's revised reasons of appeal on the ground that they fail to state a claim upon which relief can be granted. Specifically, the appellee argues that in a probate appeal, the Superior Court may only address issues embraced by the probate order. The appellee reasons that where an order merely admits the will to probate, the only issue on appeal is whether the will was properly admitted, i.e., whether the will is valid. The appellee concludes that reasons one, two, five, six and seven each fails to set forth a basis to invalidate the will.
The appellant opposes the motion to strike reasons one, two, five and seven, arguing that each sets forth a basis to invalidate the codicil. The appellant does concede that the sixth asserted reason fails to set forth a basis for invalidating the codicil.
"An appeal from a Probate Court to the Superior Court is not an ordinary civil action. . . . In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court." (Citations omitted.) State v. Gordon, 45 Conn. App. 490,494, cert. granted, 243 911."The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo." Kerin v. Stangle, 209 Conn. 260, 263."In a probate appeal . . . the Superior Court's jurisdiction is statutory and limited to the order appealed from. The issues presented for review are those defined in the reasons of appeal. The Superior Court cannot consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked." Silverstein'sAppeal from Probate, 13 Conn. App. 45, 58.
"Thus, on an appeal from the probate of a [w]ill the issue is strictly whether there is a valid [w]ill. Validity primarily involves three questions: (1) Was the instrument executed with the requisite legal formalities;[3] (2) Did the deceased have testamentary capacity;[4] and (3) Was the instrument executed freely, without undue influence, fraud or mistake." Folsom, Connecticut Estates Practice Probate Litigation (1992) § CT Page 6367 7:10, pp. 278-79.[5]
Appellee correctly argues that reasons one, two, five, six and seven each fails to set forth a basis for invalidating the will and codicil. No one of these reasons addresses the question of whether the will and codicil were properly executed, without undue influence, fraud or mistake; or whether the decedent had the requisite testamentary capacity.
In reason one, the appellant alleges that the decedent released his power of appointment through the antenuptial agreement; thus, a codicil purporting to exercise such power is invalid. This reason does not address the question of whether the codicil was properly admitted to probate; rather, this argument addresses the effect of a codicil purporting to exercise a power that has been extinguished. Folsom, supra, § 7:10, p. 279 ("On appeal from the probate of a will, the Superior Court may not properly decide questions as to the effect and meaning of a [w]ill [or codicil]."); Huber v. St. Labre Indian SchoolEducational Assn., 4 Conn. App. 436, 439-40 ("Probate courts are without jurisdiction to construe a will unless the construction `is merely incidental to the determination of a matter within the court's express statutory jurisdiction.'")[6]
Reason two, wherein the appellant alleges that the codicil perpetuates the decedent's fraudulent concealment of the appellant's beneficiary status is patently a tort claim against the decedent and does not address the question of whether the codicil was validly admitted to probate. While fraud in the execution of a will; Fowell v. Howell, 117 Conn. 565, 568-69;Estate of Moss, 3 Conn. Prob. L. J., No. 1 83, 86 (Fall, 1997); Folsom, supra, § 1:15, p. 46; or admission of a will to probate accomplished by fraud; Conti v. Murphy,23 Conn. App. 174, 177; Estate of Beach v. Probate Appeal, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149578 (January 17, 1997, Tobin, J.); are bases for challenging probate decrees, the appellant's second reason of appeal makes no such claim.[7]
Reason seven, wherein the appellant alleges that the decedent violated provisions of his mothers' trust by exercising the power of appointment to benefit his estate or the creditors of his estate, also fails to address the validity of the admission of the codicil to probate. This reason incorrectly asks this court to decide the effect and meaning of the codicil. Folsom, supra, CT Page 6368 § 7:10, p. 279.
Finally, reason five, wherein the appellant alleges that the codicil is invalid because its in terrorem clause violates Connecticut common law, does address the question of whether the codicil was validly admitted to probate. However, this argument is insufficient as a matter of law to state the invalidity of a codicil containing an terrorem clause."Connecticut recognizes the validity of forfeiture clauses in a will but acknowledges an exception where a contest `[is] begun in good faith, and . . . there [is] probable cause and reasonable justification.'" In ReEstate of Andrews Probate Appeal, Superior Court, judicial district of Stanford/Norwalk at Stamford, Docket No. 103372 (August 8, 1991, Lewis, J.) (6 C.S.C.R. 790, 790), citing SouthNorwalk Trust Co. v. St. John, 92 Conn. 168, 176.
Accordingly reasons one, two, five, six and seven are stricken.
The appellee also moves to strike paragraphs one through five of the appellant's prayer of relief. In his prayer for relief, the appellant requests that the court impose a constructive trust on the trust assets (¶ 1); declare the in terrorem clause invalid (¶ 2); award him attorney's fees (¶ 3) and costs (¶ 4); require an accounting of the decedent as trustee (¶ 5). These paragraphs constitute the entirety of the prayer for relief, as the only remaining paragraph, ¶ 6, merely requests that the court grant whatever further relief it deems equitable. The prayer for relief is beyond the jurisdiction of the Superior Court sitting as a probate court of appeals."In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court." State v. Gordon, supra,45 Conn. App. 494; see also General Statutes § 45a-98 (defining general powers of probate court, which do not include the relief here sought by the appellant).
Accordingly, the motion to strike paragraphs one through five of the appellant's prayer for relief is granted.
Fracasse, J.