[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This memorandum addresses two consolidated appeals from an order of the Newington Probate Court issued on June 4, 1996, approving the payment of interim administrator's and attorney's fees related to the administration of the estate of Helen Benny, who died testate on August 7, 1989. In X07-CV96-77002, the appellant is Patricia Cross, a daughter of the testator and beneficiary under her will. In X07-CV96-77001, the appellants are Rosalie Zanoni, another daughter and beneficiary, and Paul Zanoni, Rosalie's husband and putative creditor of the estate. CT Page 4405
Appeals from probate court orders are unlike ordinary civil actions.State v. Gordon, 45 Conn. App. 490, 494 (1997). In such cases, the superior court replaces and sits as the probate court and exercises the powers of a probate court. Id. The role of the superior court in probate appeals is to assume jurisdiction over the order under attack and try the issues connected therewith de novo. Id. Consequently, the superior court decides the appeal "as an original proposition unfettered by, and ignoring, the result reached in the probate court." Id. at 494495. The superior court possesses the discretion of a probate court and makes its determination independent of the ruling rendered by the probate court.Andrew v. Gorby, 237 Conn. 12, 15 (1996).
On March 5, 2002, this court held a trial de novo concerning the application of appellee, Attorney Karen Lynch, successor administratrix for Benny's estate; to approve interim administration fees for herself and attorney's fees for Attorney Vincent Sabatini.
 INTERIM ADMINISTRATOR'S FEES
Karen Lynch is an attorney admitted to practice in Connecticut since 1981. Her specialty is probate proceedings and elder law. She participates on many bar-related committees including being elected to the Council to the American Bar Association General Practice Section; serving as Senior Vice-Chair of that association's Elder Law Committee; and serving on the Executive Committee of the Connecticut Bar Association General Practice Section. She is a member of the National Academy of Elder Law Attorneys and has written professional articles on the topic of guardianship of the elderly.
Under Benny's will, Rosalie Zanoni was named as executrix, however, the Newington Probate Court removed her from that position. In her place Attorney Pikor was appointed administrator, d.b.n. c.t.a. In 1992, Newington Probate Judge Hennessey asked Lynch to replace Pikor and she agreed. Attorney Lynch acted as successor administratrix, d.b.n. c.t.a., until 1997. Attorney Lynch is and was an experienced representative of the estates of deceased persons.
Under Connecticut General Statutes § 45a-367, a fiduciary must request approval of payment of fiduciary fees. The burden is on the fiduciary to demonstrate, by a preponderance of the evidence, that the fees claimed are warranted. Andrews v. Gorby, supra at 23. In the present matter, Attorney Lynch seeks interim compensation for the period from her appointment on November 11, 1992, to October 31, 1995.
Both appellants concede that the number of hours worked, as submitted by Lynch, are accurate. The appellants dispute, however, the hourly rate CT Page 4406 charged and whether the number of hours expended was necessary to administer the estate. As to the rate charged, $175 per hour, after consideration of the evidence adduced, the court finds that Lynch has met her burden of proving that this rate is reasonable for someone of her background and expertise, and is comparable to the, rate typically charged for such service.
The court also concludes that the hours expended by Lynch to administer this estate, 456.8 hours, were reasonably necessary to attempt to achieve that end. The appellants themselves created the necessity to devote much of the time and effort expended by Lynch as administratrix. During her tenure as administratrix, she had to invoke, respond to, or otherwise participate in twenty-three separate legal proceedings, including numerous appeals to the superior court and appellate court most of which were initiated by the appellants. The following is but a sampling of the matters requiring Lynch's attention.
When Helen Benny was still alive, Cross sued to recover certain sums which she asserted she had loaned to her mother to pay for nursing home care. At the time, Cross was Benny's guardian as a result of an appointment by a Massachusetts probate court. Cross commenced an action in the Connecticut superior court against Attorney Paul Hudon, who had been appointed by the Newington Probate Court as conservator of Benny's ancillary estate in Connecticut consisting of two parcels of real estate. Cross v Hudon, Superior Court, Hartford J.D., CV 89-360861 (March 17, 1995), Corradino, J. Benny died while that action was pending and the executrix and later the administrators, d.b.n. c.t.a., Pikor and then Lynch, were brought into the litigation.
Judgment eventually entered against the estate for $170,546.35. This judgment was appealed by the estate and was affirmed on appeal. Cross v.Hudon, 42 Conn. App. 59 (1996).
While that action was pending the Zanonis also sued Hudon, unsuccessfully, and attempted, unsuccessfully, to make the estate a plaintiff in that action. Zanoni v. Hudon, 42 Conn. App. 70 (1996).
Cross' judgment against the estate rendered the estate insolvent as was determined by the Newington Probate Court. As a consequence, that probate court utilizing General Statutes § 45a-428, ordered the sale of the two parcels which were, under Benny's will, specifically devised to Rosalie Zanoni. The Zanonis appealed from that order to the superior court which reached the same conclusions after a trial de novo. Zanoniv. Lynch, Superior Court, Hartford J.D., CV95-546174 (October 27, 1995),Hennessey, J. and Zanoni v. Lynch, Superior Court, Hartford J.D., CV94-533407 (September 13, 1995), Corradino, J. Every time the Newington CT Page 4407 Probate Court sets a new sale date or approves annual insurance coverage, the Zanonis appeal to the superior court.
In addition, Rosalie Zanoni has sued the estate for breach of contract unjust enrichment and conversion regarding the forfeiture of a $16,500 deposit paid by her with respect to a prospective purchase of real estate which was never culminated. Zanoni v. Hudon, Superior Court, Hartford J.D., CV91-391234 (August 24, 1994), Corradino, J.
Without reciting every individual item Lynch was required to address, the court finds tat Lynch has proven that the time she spent administering this estate was necessary to preserve the assets of the estate and in the attempt to effectuate its settlement. These efforts are credibly detailed in Exhibit 2 and, as noted above, total 456.8 hours. At $175 per hour, the fees owed to Lynch by the estate and ordered paid by this court are $79,940 plus $477 in out-of-pocket expenditures for a total of $80,417.
 INTERIM ATTORNEY'S FEES
When Pikor became administrator, d.b.n. c.t.a., he sought and obtained the approval of the Newington Probate Court to retain counsel to represent the administrator in superior court and appellate court matters. Pikor hired Attorney Vincent Sabatini, and when Lynch succeeded Pikor, she continued to use his legal services. Attorney Sabatini represented the administrators in twenty-six separate legal proceedings including five matters before the appellate court.
Administrative expenses include costs generated by the care, preservation, conservation, conversion of estate assets; the payment of debts and legacies; and any distribution needed to settle the estate.Yale-New Haven Hospital, Inc. v. Jacobs. 64 Conn. App. 15, 20 (2001). Such costs may include legal fees incurred on behalf of the administrator. Andrews v. Gorby, supra. The burden is on the attorney to establish, by a preponderance of the evidence, the reasonableness of the fees. Id. at 23.
Attorney Sabatini was admitted to practice law in Connecticut in 1969 and operates the law firm of Sabatini and Associates, LLC. He is a past president of the Hartford County Bar Association and has served on that association's board of directors. His thirty years of legal experience have focused on civil litigation, land use, and probate matters. Significantly, he also serves as a member of a legal fees arbitration committee. This service gives Attorney Sabatini great knowledge of the legal fees usually charged for probate matters in Connecticut. CT Page 4408
When Rosalie Zanoni was removed as executrix, Pikor retained Sabatini. At that time several lawsuits including those described above were pending. The Newington Probate Court required Sabatini to submit monthly invoices for work performed on behalf of the administrator of the estate, and Sabatini punctiliously complied with this request. Again, the appellants agree that the hours of work expended are accurate, but they do contest the hourly rate and the necessity of the work that was done.
Concerning the hourly rate, Sabatini charged three hourly rates, viz. $75, $125, and $235, depending on whether the work was done by himself or a less experienced associate. Based on the evidence submitted, the court finds that the appellee has proven, by a preponderance of the evidence, that the rates charged by Sabatini were reasonable and comparable to those usually charged for such work.
As to whether the hours expended were justified, the appellants argue that they were not but from opposite directions. Cross argues that the appeal from Judge Corradino's judgment in her favor was unwarranted. The Zanonis, on the other hand, contend that Sabatini failed to defend against Cross' suit vigorously enough. More details about that litigation are required at this point.
In Cross v. Hudon, Superior Court, Hartford J.D., CV89-360861 (March 11, 1995), Corradino, J., Cross sued Hudon, her mother's conservator, for reimbursement of the money she had expended on her mother's nursing home care from 1980 to 1989. At the time she brought the suit Cross was her mother's legally appointed guardian. Cross claimed she was entitled to over $170,000 spent for her mother's care. She asserted three grounds for her claim, viz, breach of express contract breach of implied contract and unjust enrichment.
After Benny's death and Rosalie Zanoni's removal as executrix, Sabatini defended the estate against this claim. The defense argued that Cross ought to be barred from suing her mother because she was her legal guardian; that the case ought to be dismissed because of Benny's death; that Cross had failed to exhaust other available remedies; that no contract express or implied existed; and that the sum expended were gifts, not loans and, therefore, no unjust enrichment occurred.
At the trial level, Judge Corradino agreed that no contract was proven, but he did conclude that the monies spent were not gifts and constituted unjust enrichment. He also rejected the estate's claim that Cross was prohibited from suing her ward. As noted above, Cross prevailed against the estate in the amount of $170,546.35.
Lynch appealed from this adverse judgment raising the same issues on CT Page 4409 appeal as put forward at the trial level, see Cross v. Hudon,42 Conn. App. 70 (1996). The Appellate Court affirmed the trial court's decision on all grounds. Id. It must be noted, however, that Judge O'Connell filed a concurring opinion indicating that the doctrine that a guardian cannot instigate suit against a ward was "long-standing law" in Connecticut. Id. at 70.
Lynch and Sabatini felt that the issue of whether Cross was barred from suing her mother's estate was worth pursuing on appeal. Although unsuccessful, the court concludes that such an appeal was a reasonable effort to fend off a $170,546.35 claim against the estate, which debt has made the estate insolvent. The hours devoted to represent the administrator were reasonably necessary in that effort.
Sabatini's representation is minutely and credibly set forth in Exhibits 7 through 13. Based on all the evidence introduced, the court finds that Sabatini is entitled to $165,975.40 in attorney's fees.
The application by the administrator for interim fiduciary and attorney's fees is approved in the amounts of $80,417 and $165,975.40, respectively.
/s/ ___SFERRAZZA___, J.