[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR APPORTIONMENT OF DAMAGES (#151)
FACTS
Presently before the court is the plaintiff's motion to apportion damages filed on October 31, 2002, and the intervening plaintiff's objection thereto filed on November 19, 2002. The plaintiff is Randy Wilson (Wilson), while the intervening plaintiff is H. Maimin Company, Inc. (Maimin), the plaintiff's former employer.
On November 17, 1999, Wilson initiated the underlying action by filing a one-count negligence complaint against Kent Realty, LLC (Kent) seeking damages for injuries he received when he slipped and fell on Kent's property. Maimin timely filed a motion to intervene seeking to recover $40,016. 44 in Workers' Compensation payments made to Wilson. The case was eventually tried before a jury, and on February 27, 2002, the jury returned a verdict in favor of Wilson, awarding him a total of $644,180. 00. The jury, however, also determined that Wilson was twenty-nine percent (29%) comparatively negligent, thereby reducing the total award to $457,367. 80.
On July 15, 2002, Kent appealed the verdict on various grounds. On October 31, 2002, Wilson filed with this court the present motion to apportion damages and Maimin responded by filing an objection to the motion on November 19, 2002. Both parties have since filed reply briefs in support of their respective positions. The appeal was subsequently withdrawn on December 23, 2002, and thus, the court now addresses Wilson's motion to apportion damages.
 DISCUSSION
In support of his motion, Wilson argues that under § 31-293 (a) Maimin's right to reimbursement is derivative and dependant of Wilson's right to recover, and thus, if Wilson's award is reduced by his CT Page 2382 comparative negligence, the amount of Maimin's recovery should, in turn, be reduced by the same percentage.
Maimin counters that § 31-293 (a) does not provide for any reduction in its recovery against Wilson. Instead, Maimin argues that § 31-293 (a) simply grants Maimin's claim precedence over that of Wilson's. Thus, Maimin contends, if the damages, after deducting Wilson's expenses, are sufficient to compensate Maimin, Maimin's recovery should be determined without regard to Wilson's comparative negligence. The court finds Maimin's argument persuasive.
In determining the parties' rights under § 31-293 (a), the court is guided by four overlapping principles. "First, the statute protects an injured employee by allowing the employee to sue a third-party tortfeasor in a private cause of action for damages, such as pain and suffering, that are uncompensated by a workers' compensation award . . . Second, the statute protects an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third-party tortfeasor, either by becoming an intervening plaintiff in the employee's cause of action or by bringing a separate action derivative of the employee's cause of action . . . Third, the employer's statutory right to subrogation of the proceeds of the employee's claim against the tortfeasors implements the public policy of preventing double recovery by an injured employee . . . Fourth, the employer's statutory right to reimbursement reenforces the public policy that, between the employer and the employee, workers' compensation provides the exclusive remedy for personal injury to the employee." (Citations omitted.) Durniak v. AugustWinter Sons, Inc., 222 Conn. 775, 779-80, 610 A.2d 1277 (1992).
With these principles in mind, the court turns to the language of § 31-293 (a) to determine whether the statute authorizes the court to reduce Maimin's recovery by the amount of Wilson's comparative negligence. "It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation . . . [W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) Rizzo Pool Co. v. Del Grosso, 240 Conn. 58,73-74, 689 A.2d 1097 (1997). "[L]egislative intent is to be found, not in what the legislature intended to say, but in the meaning of what it did say . . . We must construe a statute without reference to whether we feel that it might be improved by adding to it or interpreting it differently . . . It is our duty to apply the law, not to make it." (Citations omitted; internal quotation marks omitted.) Commissioner ofAdministrative Services v. Gerace, 40 Conn. App. 829, 832-33, 673 A.2d 1172
CT Page 2383 (1996) appeal dismissed, 239 Conn. 791, 686 A.2d 993 (1997).
The language of § 31-293 (a) provides in relevant part: "If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys fees, incurred by the employee in effecting the recovery . . . If the damages, after deducting the employee's expenses as provided in this subsection, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee."
In the court's view, the language of the statute is clear. Under the statute, when an employee recovers in a third-party action, necessary expenditures are first deducted, then the employer's claim is deducted, and finally, any remaining monies are distributed to the employee. The court fails to find any express language in the statute that would permit the court to incorporate comparative negligence principles into the relationship between Maimin and Wilson. In fact, our Supreme Court has held: "By its own terms, the comparative negligence statute applies only to causes of action based on negligence. General Statutes § 52-572h
(b). Accordingly, its terms do not govern statutory causes of action that have no common-law counterpart . . . Because an employer's right to obtain reimbursement from a third-party tortfeasor is a statutory claim that is derived in its entirety from 31-293 (a). . . the employer's claim does not fall within the compass of 52-572h." (Citations omitted; internal quotation marks omitted.) Durniak v. August Winter Sons,Inc., supra, 222 Conn. 782.
Although there is no appellate authority on this particular issue, at least one Superior Court opinion has come to the same conclusion. SeeSt. Peter v. Hartford Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 516327 (October 11, 1996, Wagner, J.T.R.); but see Brazzell v. Turkel, Superior Court, judicial district of New Haven, Docket No. 281006 (July 28, 1994, Flanagan, J.T.R.) (12 Conn.L.Rptr. 237) (holding that intervening employer's share of damages recovered by injured employee from third party should be reduced by same percentage as injured employee's recovery is reduced by comparative negligence). In St. Peter v. Hartford Hospital, supra, Superior Court, Docket No. 516327, the employee brought a third-party action against the defendant and the employer intervened to recover $71,500. 00 in workers' compensation payments made to the employee. The CT Page 2384 matter was presented to a jury, which awarded the employee $332,500. 00, but found the employee to be 15% contributorily negligent, thereby reducing the employee's award to $282,625. 00. Id. The employee argued that under § 31-293 (a), the employer's claim must be reduced by the percentage of the employee's contributory negligence. Id. The court, however, rejected the employee's argument, holding: "The statute does not authorize any reduction from [the employer's] claim based on the percentage of contributory negligence attributable to the [employee] by the verdict or by any proportionate sharing in the necessary expenses or attorneys fees incurred by the [employee] in effecting recovery." Id.
Thus, this court concludes that the comparative negligence statute,52-572h (b), does not apply to Maimin's right to recover Workers' Compensation payments made to Wilson.
For the foregoing reasons, Wilson's motion for apportionment of damages is denied.
The Court
By Cremins, J. CT Page 2385