APPEAL FROM PROBATE OF GIROLAMO
BENCIVENGA ET AL.
(11155)

FOTI, HEIMAN and FREEDMAN, Js.

---

Argued December 1, 1992—decision released February 16, 1993

*Steven F. Rogers,* for the appellant (named plaintiff).

*Cynthia C. Anger,* assistant city attorney, for the appellee (defendant city of Milford).

FOTI, J. The named plaintiff appeals from the judgment of the trial court, dismissing the plaintiff's appeal from an order and decree of the Probate Court for the district of Milford. The sole issue in this appeal is whether the plaintiffs are aggrieved by the order and decree, which removed the executrix of their late father's estate and appointed another party, and if so, whether the plaintiffs should have been appointed coexecutors.

Ciro P. Bencivenga, Sr., died testate, and by his last will and testament named his daughter, Hilda Bencivenga, as executrix of his estate. The will also provided that his sons, Girolamo Bencivenga and Ciro P. Bencivenga, Jr., the plaintiffs herein, be appointed as coexecutors if the executrix predeceased the testator or became unable to act as executrix for any reason. Hilda Bencivenga, Girolamo Bencivenga and Ciro Bencivenga are beneficiaries of the entire estate. The Pro-

bate Court appointed Hilda Bencivenga as the executrix of her father's estate on January 15, 1982. On April 19, 1990, that court, pursuant to an application by the city of Milford,[1] entered an order removing Hilda as executrix and appointing Peter Stark as administrator cum testamentum annexum (c.t.a.). The plaintiffs thereafter appealed to the Superior Court from the Probate Court order and decree.[2]

At the hearing before the Superior Court, the plaintiffs introduced into evidence a certified copy of the decedent's last will and testament, a certified copy of the application for probate of the will, the decree granting that application, and a true copy of the court decree removing the executrix and appointing the administrator c.t.a. The plaintiffs rested and, after oral argument, moved for judgment. The defendants moved for dismissal of the appeal on several grounds, including lack of aggrievement. The trial court dismissed the appeal, finding that the plaintiffs were not aggrieved because the appointment of the administrator c.t.a. did not adversely affect their direct interest in their testamentary bequest. The court therefore found that they lacked standing to pursue the appeal.

"A person who seeks to appeal from an order of the Probate Court must set forth in his motion for appeal (1) the interest of the appellant in the subject matter of the decree or order appealed from or in the estate; see General Statutes § [45a-191]; and (2) the adverse effect of the decree or order on that interest." *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 516, 429 A.2d 967 (1980). "[T]he existence of aggrievement

---

[1] The defendants are the city of Milford, a creditor of the estate of Ciro P. Bencivenga, Sr., by virtue of certain delinquent taxes assessed on property owned by the estate, and, Peter Stark, the administrator c.t.a. appointed by the Probate Court.

[2] The named plaintiff, on appeal, has abandoned his claim involving the propriety of the order removing his sister as executrix.

depends upon whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected. . . . Moreover, it must appear that the interest which is adversely affected is a direct interest in the subject matter of the decree from which the appeal is taken." (Citations omitted; internal quotation marks omitted.) Id., 516–17.

We must first determine whether, under the facts found, the plaintiffs had an interest in the proceedings sufficient to confer upon them standing under General Statutes § 45a-186.[3] The issue of standing implicates the court's subject matter jurisdiction. *Middletown* v. *Hartford Electric Light Co.*, 192 Conn. 591, 595, 473 A.2d 787 (1984). Standing focuses on the party seeking to be heard and not on the issues that party wants to have heard. *Zoning Board of Appeals* v. *Planning & Zoning Commission*, 27 Conn. App. 297, 300, 605 A.2d 885 (1992).

The question of standing does not involve an inquiry into the merits of the case. It merely requires allegations of a colorable claim of injury to an interest that is arguably protected by the statute in question. *Assn. of Data Processing Service Organizations, Inc.* v. *Camp*, 397 U.S. 150, 153, 90 S. Ct. 827, 25 L. Ed. 2d 184 (1970); *Ducharme* v. *Putnam*, 161 Conn. 135, 139, 285 A.2d 319 (1971).

---

[3] General Statutes § 45a-186 provides: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held. Except in the case of an appeal by the state, such person shall give security for costs in the amount of one hundred fifty dollars, which may be paid to the clerk, or a recognizance with surety annexed to the appeal and taken before the clerk or a commissioner of the superior court or a bond substantially in accordance with the bond provided for appeals to the supreme court. Appeals from any decision rendered in any case after a record is made under sections 51-72 and 51-73 shall be on the record and shall not be a trial de novo."

We conclude that the plaintiffs had standing to appeal the Probate Court's decree by virtue of their legal right of appointment as successor executors under General Statutes § 45a-290 (c).[4] By the terms of their father's will, they were to be named as successor coexecutors upon Hilda Bencivenga's inability to act as executrix. We note that the Probate Court did not refuse to appoint the plaintiffs as successor coexecutors for cause or remove them for cause after notice and a hearing. See General Statutes § 45a-242 (a).[5] Our law favors virtually no exception to the appointment of an executor or a successor executor named in a will. General Statutes § 45a-290 (c) provides that the Probate Court *"shall appoint* such . . . successor executor[s] named in said will as executor[s] . . . ." (Emphasis added.) A Probate Court has no discretion to appoint someone other than the person named; testators are entitled to select their own executors, and those persons may not be rejected unless excluded by common law or statute. *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 653, 103 A. 940 (1918); *Farmers' Loan & Trust Co.* v. *Smith,* 74 Conn. 625, 627, 51 A. 609 (1902); *Smith's Appeal*

---

[4] General Statutes § 45a-290 (c) provides: "If the person designated in the will to be executor has died or refuses to accept or is incapable of accepting such trust, or if during the settlement of the estate, the executor appointed by the court dies, or resigns or is removed from such trust, and the will names an alternate or a successor, *the court shall appoint such alternate or successor executor named in said will as executor,* who shall have all the powers and duties as provided in the will. Such appointment shall be subject to the same provisions as to hearing, notice, waiver of or order dispensing with notice, and bond, as are stated in this section and sections 45a-286 and 45a-289." (Emphasis added.)

[5] General Statutes § 45a-242 (a) provides: "If any fiduciary becomes incapable of executing his trust, neglects to perform the duties of his trust, wastes the estate in his charge, or fails to furnish any additional or substitute probate bond ordered by the court, the court of probate having jurisdiction may, upon its own motion, or upon the application and complaint of any person interested or of the surety upon the fiduciary's probate bond, after notice and a hearing, remove such fiduciary."

*from Probate,* 61 Conn. 420, 426, 24 A. 273 (1892). The plaintiffs' statutory right of appointment was affected by the Probate Court's appointment of Stark as administrator c.t.a., and we conclude that they were entitled to appeal the order.

The defendants argue that the named plaintiff's appeal should be dismissed as moot because, under General Statutes § 45a-331,[6] this court cannot afford any practical relief. We do not agree that the named plaintiff has lost standing by operation of law. Section 45a-331 (a) is neither inconsistent with nor does it eliminate the mandatory requirement of § 45-290 (c). Section 45a-331 (a) permits the Probate Court to "make all such orders as might have been proper if such settlement had not become delayed [for ten years or more]." The appointment of the plaintiffs as successor coexecutors pursuant to § 45-290 (c) would have been required even if settlement of the estate had not been delayed.

The judgment is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[6] General Statutes § 45a-331 (a) provides: "Whenever for any cause the settlement of any decedent's estate after the appointment of a fiduciary has been delayed or not completed, the court of probate before which the same is pending may at its discretion proceed with the settlement of such estate, although more than ten years have elapsed since any proceedings have been taken, and in such case may make all such orders as might have been proper if such settlement had not been delayed."