APPEAL FROM PROBATE OF GIROLAMO
BENCIVENGA ET AL.
(14743)

PETERS, C. J., BORDEN, BERDON, KATZ and PALMER, Js.

Argued January 6—decision released February 1, 1994

*Cynthia C. Anger,* assistant city attorney, for the appellant (defendant city of Milford).

*Steven F. Rogers,* for the appellee (plaintiff Girolamo Bencivenga).

PER CURIAM. The principal issue in this appeal is whether persons who have been designated in a decedent's will as successor executors and beneficiaries are aggrieved by the action of the Probate Court appointing another person as executor after removal of the named executrix for cause. Finding a lack of aggrievement, the trial court dismissed the appeal of the plaintiffs, Girolamo Bencivenga and Ciro P. Bencivenga, Jr., challenging the Probate Court's appointment of Peter

Stark as administrator cum testamento annexo of their father's estate.[1]

The Appellate Court reversed and remanded the case for further proceedings to consider the merits of the plaintiffs' claim. *Appeal from Probate of Bencivenga,* 30 Conn. App. 334, 620 A.2d 195 (1993). The Appellate Court concluded that the plaintiffs were aggrieved and thus had standing to appeal because General Statutes § 45a-290 (c)[2] confers upon them a statutory right of appointment as successor executors upon the removal for cause of a court-appointed executor. Id., 338–39. The Appellate Court further concluded that the plaintiffs' standing to contest the appointment of another person as executor was not impaired by the provisions of General Statutes § 45a-331 (a),[3] which confers discretion upon the Probate Court to proceed with the settlement of an estate that has been pending for more than ten years. Id., 339. We granted the

[1] General Statutes § 45a-186, formerly § 45-288.

[2] General Statutes § 45a-290, formerly § 45-168, provides in relevant part: "ADMINISTRATION WITH THE WILL ANNEXED AND DE BONIS NON. . . .

"(c) If the person designated in the will to be executor has died or refuses to accept or is incapable of accepting such trust, or if during the settlement of the estate, the executor appointed by the court dies, or resigns or is removed from such trust, and the will names an alternate or a successor, the court shall appoint such alternate or successor executor named in said will as executor, who shall have all the powers and duties as provided in the will. Such appointment shall be subject to the same provisions as to hearing, notice, waiver of or order dispensing with notice, and bond, as are stated in this section and sections 45a-286 and 45a-289."

[3] General Statutes § 45a-331, formerly § 45-257e, provides in relevant part: "SETTLEMENT OF ESTATE AFTER TEN YEARS. CLOSURE OF ESTATE FOR DORMANCY. (a) Whenever for any cause the settlement of any decedent's estate after the appointment of a fiduciary has been delayed or not completed, the court of probate before which the same is pending may at its discretion proceed with the settlement of such estate, although more than ten years have elapsed since any proceedings have been taken, and in such case may make all such orders as might have been proper if such settlement had not been delayed. . . ."

petition for certification to appeal filed by the defendant, the city of Milford.[4]

After examining the record on appeal, and after considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court must be affirmed. The issues on which we granted certification were properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. It would serve no useful purpose for us to repeat the discussion therein contained. Cf. *Stankiewicz* v. *Zoning Board of Appeals,* 211 Conn. 76, 78, 556 A.2d 1024 (1989); *State* v. *Leonard,* 210 Conn. 480, 481, 556 A.2d 611 (1989).

The judgment of the Appellate Court is affirmed.

---

[4] The city of Milford is a defendant in its capacity as a creditor of the decedent's estate by virtue of certain delinquent taxes assessed on property owned by the estate. We granted the defendant's petition for certification to appeal, limited to the following issues:

"1. Where an executrix is removed for cause, did the Appellate Court correctly hold that the named successor executors are aggrieved by a Probate Court's appointment of an administrator, c.t.a.?

"2. Where more than ten years have elapsed since the appointment of an executor, did the Appellate Court correctly hold that General Statutes § 45a-290 (c) requires the appointment of the named successor executors, despite the provisions of General Statutes § 45a-331 which vests the Probate Court with discretion to settle a decedent's estate?" *Appeal from Probate of Bencivenga,* 225 Conn. 919, 625 A.2d 821 (1993).