JOHN C. KUCEJ *v.* ANNA KUCEJ, ADMINISTRATRIX
(ESTATE OF JOHN KUCEJ), ET AL.
(12167)

DUPONT, C. J., O'CONNELL and SPEAR, Js.

Argued February 17—decision released May 31, 1994

*Richard L. Albrecht,* with whom, on the brief, was *David A. Ball,* for the appellant (plaintiff).

*Thomas J. Byrne,* for the appellees (defendants).

DUPONT, C. J. The plaintiff appeals to this court from the trial court's dismissal of his appeal from the Probate Court's decision to appoint the defendant Anna Kucej as administratrix of the estate of the plaintiff's father. The trial court dismissed the appeal on the

ground that the court lacked subject matter jurisdiction to hear the appeal. The plaintiff claims that the trial court improperly determined that he was not aggrieved by the Probate Court's decision. The defendants present an alternate ground for dismissing the plaintiff's appeal, contending that the plaintiff failed to return process properly to the trial court.

The decedent, John Kucej, died intestate on January 7, 1992, in the probate district of Trumbull. The plaintiff objected to the Probate Court's proposed appointment of the named defendant as administratrix of the decedent's estate. The named defendant is the decedent's surviving spouse and the mother of the plaintiff. The plaintiff claimed that the named defendant had made threats to damage his reputation in the community, and had indicated that if she were appointed administratrix, she would bring suit against the plaintiff to recover his personal assets for incorporation into the decedent's estate. The plaintiff objected to the appointment because the named defendant had exhibited "hostility and bias" toward the plaintiff, and claimed that the Probate Court should appoint a disinterested third party. Despite the plaintiff's objection, however, the Probate Court appointed the named defendant as administratrix of the estate pursuant to General Statutes § 45a-303 (c).[1]

---

[1] General Statutes § 45a-303 (c) provides in pertinent part: "[t]he court of probate . . . shall grant administration of the intestate decedent's estate to any one or more persons or their designees appointed in the *following order*, provided such person or persons are entitled to share in the estate of the decedent: (A) *The surviving spouse*, (B) any child of the decedent . . . (C) any grandchild of the decedent . . . (D) the decedent's parents, (E) any brother or sister of the decedent, (F) the next of kin entitled to share in the estate, or, on their refusal, incapacity or failure to give bond *or upon the objection of any heir* or creditor to such appointment found reasonable by the court, to any other person whom the court deems proper." (Emphasis added.)

The plaintiff appealed to the Superior Court from the Probate Court order appointing the named defendant as administratrix. The defendants moved to dismiss the appeal, and the trial court granted the motion on the ground that the plaintiff lacked standing to appeal because the plaintiff was not aggrieved as is required by General Statutes § 45a-186.[2] The reasons for the plaintiff's appeal to this court from the trial court's dismissal are basically those proffered to the Probate Court for his objection to the appointment of the named defendant as administratrix.

I

The trial court does not have subject matter jurisdiction to hear an appeal from probate unless the person seeking to be heard has standing. *Appeal from Probate of Bencivenga,* 30 Conn. App. 334, 337, 620 A.2d 195, cert. denied, 225 Conn. 919, 625 A.2d 821 (1993). In order for an appellant to have standing to appeal from an order or decree of the Probate Court, the appellant must be "aggrieved" by the court's decision. General Statutes § 45a-186; *Erisoty's Appeal from Probate,* 216 Conn. 514, 519, 582 A.2d 760 (1990); *Appeal from Probate of Bencivenga,* supra, 337. "Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court." (Internal quotation marks omitted.) *Erisoty's Appeal from Probate,* supra, 519; see also *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 516, 429 A.2d 967 (1980). "The question of [aggrievement] does not involve an inquiry into the merits of the case." *Appeal from Probate of Bencivenga,* supra, 337.

[2] General Statutes § 45a-186 provides in pertinent part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held. . . ."

Aggrievement falls within two categories, classical and statutory. *Buchholz's Appeal from Probate,* 9 Conn. App. 413, 415, 519 A.2d 615 (1987). Classical aggrievement exists where "there is a possibility, as distinguished from a certainty," that a Probate Court decision has adversely affected a legally protected interest of the appellant in the estate.[3] *Erisoty's Appeal from Probate,* supra, 216 Conn. 519; *Appeal from Probate of Bencivenga,* supra, 30 Conn. App. 336–37; see also *Buchholz's Appeal from Probate,* supra, 416. "Statutory aggrievement exists by legislative fiat which grants an appellant standing by virtue of particular legislation, rather than by judicial analysis of the particular facts of the case." *Buchholz's Appeal from Probate,* supra, 416. It merely requires a claim of injury to an interest that is protected by statute.

In this case, we conclude that the plaintiff is statutorily aggrieved. As the decedent's issue, the plaintiff is an heir for the purposes of intestacy. General Statutes §§ 45a-437 and 45a-438. Pursuant to § 45a-303 (c), an heir of the decedent can object to the appointment of an administrator or administratrix of the decedent's intestate estate. Therefore, the plaintiff in this case, as an heir, has a statutory right to object to the appointment of the named defendant as administratrix. In order to protect that right, the plaintiff must have the right to appeal from the probate order appointing the defendant. "A contrary conclu-

---

[3] The principles of classical aggrievement are not interpreted "so narrowly as to limit [their] applicability solely to cases involving an adverse effect upon a direct interest *in the probate estate.*" (Emphasis added.) *Erisoty's Appeal from Probate,* supra, 216 Conn. 521; see also *Merrimac Associates, Inc.* v. *DiSesa,* supra, 180 Conn. 517–18. An appellant's aggrievement may consist of the possibility of an injurious effect on a legally protected interest as well as of a direct pecuniary interest. *Erisoty's Appeal from Probate,* supra, 521; see *Merrimac Associates, Inc.* v. *DiSesa,* supra, 517–18. "[A] legally protected interest may derive from the administration of a probate estate." *Erisoty's Appeal from Probate,* supra, 521.

sion would result in the finding of virtually unfettered and unreviewable discretion of the Probate Court in the making of such decisions." *Buchholz's Appeal from Probate,* supra, 9 Conn. App. 424. Thus, because the legislature created a right to object, the plaintiff has standing to appeal.

## II

The defendants claim that an alternate ground exists to affirm the decision of the trial court. According to the defendants, the plaintiff failed to return process properly to the trial court.

The following facts are pertinent to the resolution of this issue. After the Probate Court appointed the named defendant as administratrix, the plaintiff moved for an appeal to be held in the Superior Court on August 18, 1992. The Probate Court issued a decree allowing the appeal. The Superior Court ordered that the appeal must comply with the rules for service of process and return of process. The plaintiff then issued process to be served on the defendant, and set a return date of August 25, 1992. Process was returned to the trial court on August 13, 1992.

A probate appeal is considered a civil action for the purposes of mesne process.[4] *Bergin* v. *Bergin,* 3 Conn. App. 566, 568, 490 A.2d 543, cert. denied, 196 Conn. 806, 494 A.2d 903 (1985). As a result, the appellant must satisfy the requirements of General Statutes § 52-46a,[5] which states that process in civil actions

---

[4] A civil action in most cases is commenced by mesne process. Connecticut Practice—Practice Book Annotated (W. Moller & W. Horton 3d Ed. 1992) § 49, comment; see also General Statutes § 52-45a. Process consists of a writ of summons or attachment, which describes the parties, the court to which the writ is returnable, and a return date. General Statutes § 52-45a.

[5] General Statutes § 52-46a provides: "Process in civil actions returnable to the supreme court shall be returned to its clerk at least twenty days before the return day and, if returnable to the superior court, except process in summary process actions, to the clerk of such court at least six days before the return day."

returnable to the Superior Court must be returned at least six days before the return date. *Bergin* v. *Bergin,* supra, 568. In this case, process was returned to the trial court on August 13, 1992, which was at least six days before the return date of August 25, 1992, set by the plaintiff. Thus, the requirements of § 52-46a were met.

The defendants contend that the Probate Court set a return date of August 18, 1992, in its decree allowing the plaintiff's appeal from probate. This is not the case. The Probate Court decree set no specific date for the return of process. Instead, the order simply stated that the plaintiff must comply with the requirements of return of process.[6] Thus, the plaintiff was free to set the return date of August 25, 1992.

The judgment of dismissal is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

---

[6] In a memorandum of decision, the Probate Court stated that nowhere in its decree did it "specifically set a return date for the appeal."