[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is an appeal from the Waterbury Probate Court. The plaintiff, Lorenzo Jackson (Jackson) claims that he is the father of the decedent, Jayza Lee Marin (Jayza), who was born out of wedlock. The defendant, Tammy Marin (Marin) is Jayza's mother and the administratrix of her estate. The plaintiff alleges that he was erroneously omitted from the distribution of the decedent's intestate estate due to the fact he was not given notice of the hearing to ascertain heirs and the final distribution.
Marin was served with the reasons for appeal, but has failed to appear or respond to its allegations. She has been defaulted for failure to appear and Jackson has now moved for a hearing in damages.
General Statutes § 45a-186 provides that "[a]ny person aggrieved by any order . . . of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held. . . ." A trial court only has jurisdiction to hear a probate appeal if the person bringing the appeal has standing. Appeal from Probate of Bencivenga, 30 Conn. App. 334,337, 620 A.2d 195, aff'd 228 Conn. 439, 636 A.2d 832
(1994); See also Kucej v. Kucej, 34 Conn. App. 579, 642 A.2d 81
(1994).
Here, Jackson had claimed that Marin represented to numerous parties that the plaintiff was the father of the decedent. He also had claimed he was listed by Marin as the "putative father" on the Application for Administration of the Estate.
"The law governing descent and distribution emanates from the legislature and is purely statutory. . . . The legislature has, by statute, carved out exceptions to the statutes governing descent and distribution to deprive an ostensibly rightful heir, falling within the ambit of those exceptions, of an otherwise CT Page 5123-I lawful inheritance." (Citations omitted.) Hotarek v. Benson,211 Conn. 121, 125-26, 557 A.2d 1259 (1989). A father's right to inherit from the child's estate is set forth in General Statutes §§ 45a-438b and 45a-439. General Statutes § 45a-438b
provides:
Distribution of intestate estate of child to father where paternity established after death. For the purposes of this chapter, the father of a child born out of wedlock shall be considered a parent, provided paternity is established (1) priorto the death of such father by a court of competent jurisdiction
or (2) after the death of such father by the probate court, provided paternity established after death is ineffective to qualify the father or his kindred to inherit from or through the child unless it is demonstrated by clear and convincing evidence that the father has acknowledged in writing that he is the father of the child and has openly treated the child as his. (Emphasis supplied).
Additionally, General Statutes § 45a-439 provides:
Distribution when there are no children or representatives of them. (a)(1) If there are no children or any legal representatives of them, then, after the portion of the husband or wife, if any, is distributed or set out, the residue of the estate shall be distributed equally to the parent or parents of the intestate, provided no parent who has abandoned a minor child and continued such abandonment until the time of death of such child, shall be entitled to share in the estate of such child or be deemed a parent for the purposes of subdivisions (2) to (4), inclusive, of this subsection.
Jackson has shown that Jayza was born out of wedlock, was a minor child at the time of her death, and died intestate. Pursuant to General Statutes § 45a-438b(1) and General Statutes §45a-438a, Jackson may be considered a parent for the purposes of the distribution of the estate if, prior to Jackson's death, his paternity was established by a court of competent jurisdiction.
In Connecticut, a putative father may establish his legal rights as the father of a child by acknowledging paternity voluntarily under General Statutes § 46b-172,[1] by seeking an adjudication of paternity during the lifetime of the child under General Statutes § 46b-172a, or, by marrying the child's mother and thus legitimizing the child pursuant to CT Page 5123-J General Statutes § 45a-438. Ganim v. Roberts Administrator,204 Conn. 760, 769, 529 A.2d 194 (1987). Jackson made no claim he did so.
Jackson relies on General Statutes § 45a-438b, as modified by Public Act P.A. 91-109.
The legislature passed Public Act 91-109 in 1991, amending General Statutes § 45a-438b subsequent to the Ganim decision.
Public Act 91-109 was passed to ease the manner in which men may establish paternity of a child after the child is deceased. General Statutes § 45a-438b now provides that in order for a living father to establish paternity after the death of a child, paternity may be established "prior to the death of such father by a court of competent jurisdiction." Jackson previously had failed to claim or show that he had established his paternity of the decedent by having his paternity established by a court of competent jurisdiction. Jackson has now done so in the Bristol Probate Court.
Jackson's right to take a share of Jayza's estate was dependent upon the plaintiff establishing his legal paternity in a court of competent jurisdiction which, on its face, he has now done. Jackson did fail to claim and show that before the Waterbury Probate Court before this appeal. He should now present that evidence before the Probate Court so that it may determine if he should have an interest in Jayza's estate as a parent.
Accordingly, the appeal is upheld and this case is returned to the Waterbury Probate Court to make such a determination.
McDONALD, J.