[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue presented by the motions to dismiss filed in this case is whether, in an appeal from probate, the defendants must be served with a writ of summons as in ordinary civil actions. Joseph Durkin died on July 31, 1996, a resident of Stamford. His will, which appointed his surviving spouse, Rosemary Durkin, as executrix, provided, among other things, that the executrix could sell any of the decedents property "upon such terms and conditions as [she] may determine."
At the time of his death, the decedent owned 95 shares of the CT Page 4521 common stock of Durkin Company, Inc., d/b/a Stamford Office Furniture. The executrix agreed to sell these 95 shares to Gregory Durkin, one of five surviving children of herself and the decedent, and applied for approval to the Probate Court for the district of Stamford. Each of the five children owned five shares of the company, for a total of 120 shares outstanding.
The Probate Court, the Honorable Gerald M. Fox, Jr., presiding, approved the sale of the 95 shares to Gregory Durkin in a decree dated July 28, 1998. In his decision, Judge Fox wrote that the decedent and Gregory Durkin operated the office furniture business together for a number of years, but that Gregory had been running the business for the last several years as his father became ill. The court stated that Gregory performed very well in terms of income and profit of the business, but noted, however, that the future of the business was somewhat precarious because it only has one manufacturer and about half of the new sales were made to just one customer. The court heard testimony from an appraiser for the executrix. It is axiomatic that the trier of fact can adopt testimony which it reasonably believes is credible. Bank of Southeastern Connecticut v. NazankoRealty Group, 49 Conn. App. 452, 456, 714 A.2d 722 (1998). The plaintiff did not offer any any expert testimony from an appraiser at the hearing before the Probate Court.
The proposed price is $563,920, which the court believed was fair under the circumstances. The agreement for the purchase of the business also provided that the price would be adjusted upward to $781,960 if the business continued to be an "authorized Herman Miller dealer." There is also a potential further adjustment as high as $1,000,000 if the business was sold within the following five years at a certain price.
Kelley M. Durkin and Lynn Durkin, daughters of the decedent, moved to appeal this decision claiming that the sales price approved by the Probate Court was too low and hence did not represent fair market value for the 95 shares of stock owned by the decedent. This appeal was allowed by the Stamford Probate Court in a decree dated August 26, 1998. This decree directed that "notice of said appeal" be given to the attorney for the executrix and to the children of the decedent, including Gregory Durkin, by having an officer or indifferent person leaving with each of said persons a true and attested copy of the motion for appeal and of the decree allowing said appeal, or by sending copies thereof by registered/certified mail. The decree further CT Page 4522 provided that service of the papers should be made "at least 12 days before the 29th of September, 1998, and that due return of the service hereof be made to the Superior Court and to this Court."
The returns indicate that the sheriff complied with Judge Fox's order in that notice of the appeal and the allowance thereof were delivered to the designated persons in a timely fashion either in hand, at their abode or by certified mail. The returns of service also are clear that service of process, a writ of summons, was not served on any of the above parties, including the executrix of the decedents estate,[1] Lynn Durkin, who originally joined in the appeal, subsequently moved to withdraw as a plaintiff and hence Kelley M. Durkin is the sole plaintiff at this time.
Motion to dismiss #102 was filed by the Estate of Joseph Durkin and Rosemary Durkin, individually and as executrix of her late husbands estate. Motion to dismiss #104 was filed by Mark C. Durkin. Motion to dismiss #106 was filed by Gregory Durkin, but did not appear on the same short calendar as the other two motions to dismiss. Motion #106 is, however, being addressed at this time as it presents the exact same issue as the two motions on the calendar.
These motions, which are based on Practice Book § 10-30, claim that the court lacks subject matter and personal jurisdiction and also that there was insufficiency of process and of service of process because the plaintiff did not serve anyone with a writ of summons. The movants argue that a probate appeal must be treated or regarded in the same light as an ordinary civil action, and that a civil action may be properly commenced only with a writ of summons (or attachment) according to General Statutes § 52-45a. The plaintiff, in opposing the motions to dismiss, states that she complied with the notice requirements of the Probate Court decree and an accompanying letter of instructions from the court clerk, and there seems to be no question that she did. The movants, however, contend that there is a difference between a Probate Court decree requiring that notice of a motion to appeal and the decree allowing such appeal be delivered to interested persons, and the requirement that service of process by way of a writ of summons be used to properly commence an action against a defendant in the Superior Court, including an appeal from probate. CT Page 4523
An appeal from probate is authorized by General Statutes § 45a-186 by any person "aggrieved" by any order of a court of probate. According to State v. Gordon, 45 Conn. App. 490, 494,696 A.2d 1034, cert. granted in part, 243 Conn. 911, 701, A.2d 336 (1997), "[a]n appeal from a Probate Court to the Superior Court is not an ordinary civil action." Yet, Kucej v. Kucej,34 Conn. App. 579, 583, 642 A.2d 81 (1994), states that "[a] probate appeal is considered a civil action for the purposes of mesne process." The court also stated that "[a] civil action in most cases is commenced by mesne process." Id., 583, n. 4. "As a result, the appellant must satisfy the requirements of General Statutes § 52-46a." Id., 583.
The dispositive issue in resolving these motions revolves around the meaning of General Statutes § 45a-192 which provides that: "The court of probate, in allowing an appeal, shall make such order of notice to persons interested as it deems reasonable. When the notice has been given by the appellant and proved to the court to which the appeal is taken, the court may hear the appeal without further notice." Therefore, whether this statute only refers to notice to interested persons and whether it eliminates the requirement of service of a writ of summons contained in General Statutes § 52-45a becomes crucial to the determination of these motions.
Our Supreme Court in Coughlan v. Murphy, 134 Conn. 601,59 A.2d 729 (1948), referred to the predecessor to General Statutes § 45a-192 regarding notice to interested persons. The court reasoned that "This statute would serve no purpose if the appeal must be served in the same manner as ordinary civil process. Section [45a-192] governs the present situation. A probate appeal is taken from and allowed by a Probate Court. . . These circumstances distinguish probate appeals from actions of which the Superior Court has original jurisdiction, as regards the service of process. . .The special provision as to notice of appeals from probate in [§ 45a-192] distinguishes them in this respect from ordinary civil process." Id., 604-05.
The movants cite Kucej v. Kucej, supra, 34 Conn. App. 583, which relies on Bergin v. Bergin, 3 Conn. App. 566, 490 A.2d 543, cert. denied, 196 Conn. 806, 494 A.2d 903 (1985). Both of these cases, however, concern the timely return of process to court, not the necessity of service of a writ of summons in an appeal from probate. Both cases quote General Statutes § 52-46a
requiring that process in civil actions in the Superior Court CT Page 4524 must be "returned" at least six days before the return date and that an appellant must comply with this statute. In this present case, however, the sheriff's returns were filed with the clerk of this court on September 14, 1998, more than six days before September 29, 1998, as required by statute, and more than 12 days as required by the Probate Court decree allowing the appeal.
It seems that Kucej and Bergin mandate that the "requirements" of General Statutes § 52-46a must be complied with in the sense of returning the process to court within certain time periods and the manner of service, i.e., in-hand or abode (except in the case of non-residents where registered or certified mail suffices). Neither of these cases nor any other brought to the attention of the court state explicitly that a writ of summons must be used in an appeal from probate. Since the plaintiff complied not only with the order of the Probate Court, but also with the requirements of General Statutes § 52-46a
regarding manner of service and timely return of process, the motions to dismiss for failure to use a writ of summons must be denied.
See also R. Folsom, Connecticut Estates Practice: Probate Litigation (1992 Ed.) § 7:6, pp. 263-64 (finding that service is to be in the same manner as for civil process); and N. Locke and P. Kohn, Connecticut Probate Practice (1951 Ed.) § 203, p. 418 (finding that an appeal from probate "is considered to be a civil process for certain purposes, and is, therefore, served and returned to the Superior Court in the manner specified for civil process"). Since service of process was effectuated in the proper manner in compliance with General Statutes §§ 45a-186 and 45a-192 the Superior Court has jurisdiction to hear the appeal from the Probate Court order and decree.
Accordingly, the three motions to dismiss are denied.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of April, 1999.
William B. Lewis, Judge