[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
 Background
This is an action by the State of Connecticut Commissioner of Social Services brought pursuant to the provisions of Connecticut General Statute § 17(b)-101 seeking to set aside certain conveyances made by a former beneficiary of public assistance and to recover grants of public assistance made on behalf of that former beneficiary.
The plaintiff has brought a four count writ. Count one of that writ was withdrawn on May 20, 1999. Counts two and three of that writ were the subject matter of a Motion for Summary Judgment which the Court has denied by memorandum of even date herewith. Counts two and three were clearly predicated upon the authority of Connecticut General Statute § 17(b)-101. CT Page 12327
Count four of the writ, which is the subject of the instant Motion to Dismiss, does not refer to § 17(b)-101 in the plaintiffs pleading.
 Discussion
Section 17(b)-101 is headed "State's right of subrogation to right of applicant or recipient of assistance re transfer of property. Civil action by commissioner." The Section provides that if a person receiving public assistance "has any right to rescind, revoke, avoid or otherwise set aside any assignment, transfer or other disposition of the property, the state shall be subrogated to such right."
The State, in Count four, alleges that the defendant caused Morris Budkofsky to execute a purported assignment of his rights, title and interest in the assets despite the defendant's knowledge that the assignments "were wrongful, involuntary and the result of fraud and/or coercion and/or undue influence". The State alleged that causing such an assignment was a misappropriation by the defendant which amounted to conversion of his property interest.
To sufficiently allege a cause of action for conversion, the plaintiff must allege that:
1. The property belonged to the plaintiff;
2. That the defendant deprived the plaintiff of its property for an indefinite period of time;
3. That the defendant's conduct was unauthorized; and
4. That the defendant's conduct harmed the plaintiff.
Discover Leasing. Inc. vs. Murphy, 35 Conn. App. 303, 309 (1993).
In the instant case the preliminary matter to be considered by this Court is whether the State has standing. The AppellateCourt in Probate of Bencivenja, 30 Conn. App. 334, 337 (1993), Affd. 228 Conn. 439 (1994) held that "[s]tanding focuses on the parties seeking to be heard and not on the issue that that party wants to have decided. Zoning Board of Appeals vs. Planning Zoning Commission, 27 Conn. App. 297, 300 (1992)." A party cannot rightfully invoke the Court's jurisdiction unless the party has CT Page 12328 some real interest in the cause of action or a legal or equitable right, title or interest in the subject matter of the controversy. Investor's Mortage Company vs. Rodia,31 Conn. App. 476, 479 (1993).
The Court does not agree with the defendant that the State's failure to allege § 17(b)-101 in its fourth count subjects the count to dismissal. If the problem faced by the Court were a mere failure to allege the statutory provision, such a failure may justify a Motion to Strike, but not a Motion to Dismiss.
However, the Court does find that while § 17(b)-101 need not be pleaded to avoid dismissal, the State does need the authority of that section to have standing. The State's authority under that section exists when the applicant receiving assistance "has any right to rescind, revoke, avoid or otherwise set aside any assignment, transfer or other disposition of the property". When the Court examines the elements of an action for conversion, set forth in Discover Leasing, Inc. vs. Murphy, supra at 309, it does not appear to the Court that an action for conversion involves the right to rescind, revoke, avoid or otherwise set aside an assignment, transfer or other disposition of property. Accordingly, the Court does not find that the action for conversion is within the authority conferred upon the Commissioner by § 17(b)-101.
While the State has pled that they paid assistance and accordingly have shown the reason that they would expect reimbursement, their request for reimbursement must assert a cause of action which belonged to them. This Court does not find, in the absence of the statutory authorization contained in § 17(b)-101, that a cause of action in conversion belongs to the State.
Accordingly the Court finds that the State lacks standing and Count four of the Complaint is dismissed.
By,
Kevin E. Booth, J.