[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding is an appeal from the Probate Court for the Probate District of Ridgefield. On June 24, 1999, that court approved a revised claim in the amount of one hundred twelve thousand eight hundred sixty dollars and ($112,860.82) eighty-two cents brought by Carol T. Decker and her husband, William, for reimbursement of expenses allegedly incurred by them in caring for Mrs. Decker's mother, the decedent, Katherine Amore. That claim was approved and accepted by the court. Albert H. Amore, Mrs. Decker's brother and son of the decedent, has moved for permission to take an appeal from probate, challenging that approval. On July 28, 1999, a decree was issued allowing the appeal and setting September 7, 1999 as the return date to the Superior Court. Amore served the parties with notice of the appeal at least twelve days before the return date, as ordered by the Probate Court, but failed to actually return the appeal to the Superior Court until January 28, 2000, almost five months after the return date.
On February 16, 2000, the co-executrix of the decedent's estate, brought this motion to dismiss the appeal on the ground that the court lacks subject matter jurisdiction. Counsel argues that since Amore did not return his appeal at least six days before the return date, he cannot show due cause for the delay and that public policy dictates that the estate of the decedent should be settled without further delay.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Citations omitted; internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59,62 (1988).
"`An appeal from a Probate Court to the Superior Court is not an ordinary civil action.'" Durkin v. Durkin, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 167978 (April 7, 1999, Lewis, J.) (24 Conn. L.Rptr. 291), quoting State v. Gordon,45 Conn. App. 490, 494, 696 A.2d 1034, cert. granted in part,243 Conn. 911, 701 A.2d 336 (1997). Significantly, however, "[a] probate appeal is considered a civil action for the purposes of mesne process." (Emphasis added.) Kucej v. Kucej, 34 Conn. App. 579, 583,642 A.2d 81 (1994), citing Bergin v. Bergin, 3 Conn. App. 566, 568, CT Page 4815490 A.2d 543, cert. denied, 196 Conn. 806, 494 A.2d 903 (1985). See also Durkin v, Durkin, supra, 292.[1] Thus, the requirements of General Statutes § 52-46a[2] must be met and process must be returned to the Superior Court at least six days before the return date. Kucej v. Kucej, supra, 583-84. "[O]nce an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period." (Citation omitted; internal quotation marks omitted.) Coppola v. Coppola, 243 Conn. 657, 662 (1998).
The court in Bergin v. Bergin, supra, 569, found that statutory limitations upon the time for the taking of an appeal and for the return of process implement the speedy determination of the issues involved. There, the court upheld the trial court's decision to dismiss the appeal upon the defendant's timely motion. The court found the late return of process to be a substantive defect, rendering the appeal voidable. Similarly, this court finds that by returning the appeal almost five months after the return date Amore failed to comply with § 52-46a.
The motion to dismiss is, accordingly, granted.
Moraghan, J.