[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 102)
Before the court is the defendant Butler's motion to dismiss on the ground that service of process on the defendant's attorney absent authorization to accept service cannot convey personal jurisdiction upon the court. The plaintiff, the state of Connecticut department of social services, appeals from the November 16, 1998 order and decree of the Probate Court for the District of Fairfield. The Probate Court, Caruso,J., ordered that the defendant, Betty M. Butler, conservator of the person and estate of her spouse, Charles L. Butler, be awarded the couple's joint income producing assets valued at $219,000 in order to generate income. The Probate Court further ordered that the defendant be awarded the sum of $600 per month from her husband's income during the pendency of her conservatorship in order to avoid significant financial distress.
On October 25, 1999, Fairfield County deputy sheriff Donald Mattice served process on the defendant by serving her attorney, Richard McCarthy. The defendant has filed a timely motion to dismiss the probate appeal for lack of personal jurisdiction because process was not served in accordance with the provisions of General Statutes § 52-57. The defendant has submitted a memorandum of law in support of the motion and the plaintiff has submitted a memorandum in opposition thereto. Both parties have submitted reply memoranda.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Delio v.Earth Garden Florist, Inc., 28 Conn. App. 73, 77, 609 A.2d 1057 (1992).
The defendant argues that she was not served process either "in hand" or at her abode pursuant to § 52-57 (a). The defendant also argues CT Page 9232 that her attorney was not authorized to accept service on her behalf.
The plaintiff, in opposition to the motion, argues that service of process on the defendant was sufficient because the clerk of the Probate Court contacted the deputy sheriff and instructed him to serve the defendant's attorney. Indeed, the plaintiff argues that it is the practice of the Probate Court for the District of Fairfield that the deputy sheriff is instructed by the clerk's office on how to complete service. (See Memorandum in Opposition, dated December 27, 1999, Exhibit B, Affidavit of Sybil Ann MacKenzie.) The plaintiff further argues that the defendant's attorney accepted service on behalf of his client, thereby waiving any jurisdictional defects.
"A probate appeal is considered a civil action for the purposes of mesne process." Kucej v. Kucej, 34 Conn. App. 579, 583, 642 A.2d 81
(1994); see also Bergin v. Bergin, 3 Conn. App. 566, 568, 490 A.2d 543, cert. denied, 196 Conn. 806, 494 A.2d 904 (1985). Indeed, a probate appeal is usually served and returned to the Superior Court in the same manner as civil process. See F. Folsom, Connecticut Estate Practice, Probate Litigation (1992) § 7:6, p. 263.[1]
"When a person upon whom service is to be made is designated by statute, service upon any other person as a purported representative is inadequate." Nelson v. Stop Shop Cos., 25 Conn. App. 637, 641,596 A.2d 4, cert. denied, 220 Conn. 924, 598 A.2d 364 (1991). "MT]here is no substitute for "in hand" or abode service . . . where jurisdiction over the person of a resident individual is sought' unless a statute provides otherwise." Tarnopol v. Connecticut Siting Council, 212 Conn. 157,163, 561 A.2d 931 (1989).
"The court recognizes that once an action is instituted against a party, service may in some cases be made on an attorney who has appeared on behalf of a client. In general, however, an attorney is not authorized by general principles of agency to accept service of original process on behalf of a client. . . . In the absence of a controlling statute, an attorney may not, without express authority, accept or waive service of original process by which jurisdiction of the court over the person of the client is first established. . . . The burden of establishing that the authority to receive process exists between the person served and the defendant lies with the plaintiff." (Citations omitted; internal quotation marks omitted.) George v. Delpo, Superior Court, judicial district of Waterbury, Docket No. 124137 (January 2, 1997, Pellegrino,J.). "Acceptance of service of process by an attorney on behalf of another person cannot be effective unless the attorney has specific authority from that person." (Internal quotation marks omitted.) Sodhiv. Nationwide Mutual Ins., Superior Court, judicial district of CT Page 9233 Hartford/New Britain at Hartford, Docket No. 564554 (March 10, 1998,Mulcahy, J.).
Because a probate appeal is a civil action for purposes of mesne process; see Kucej v. Kucej, supra, 34 Conn. App. 583; the deputy sheriff should have served process by leaving a copy with the defendant, or at her usual place of abode. See General Statutes § 52-57 (a). Here, because there is no substitute for in hand or abode service where jurisdiction over the person of a resident individual is sought, service of process on the defendant's attorney was insufficient. See Tarnopolv. Connecticut Siting Council, supra, 212 Conn. 163. Indeed, without express authority, the defendant's attorney could not accept or waive service of original process by which personal jurisdiction is established. See Sodhi v. Nationwide Mutual Ins., supra, Superior Court, Docket No. 564554. Moreover, since the plaintiff has not established that the defendant's attorney had express authority to receive process on her behalf, service on the defendant's attorney was insufficient. See Georgev. Delpo, supra, Superior Court, Docket No. 124137. Therefore, it is clear that because the defendant was not served with process, the court lacks personal jurisdiction. See Delio v. Earth Garden Florist, Inc., supra, 28 Conn. App. 77.
Accordingly, the defendant's motion to dismiss is granted.[2]
SKOLNICK, J.