[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION On APPEAL FROM PROBATE
This matter comes to the Court as an appeal from the action taken by the Court of Probate for the District of Eastford, District Number 39 on October 11, 2001. The following is a finding of the facts supported by the exhibits submitted by the petitioner:
Xavier M. born August 1997 and Jarrel M. was born February 1999. Lynnette Rodriquez is the mother and Hector M. is the father of both children. The mother of Lynnette Rodriquez is Carmen Perez (herein the Respondent) and the mother of Hector M. is Hilda Padilla (herein the Petitioner).
On August 9, 2000, Lynnette Rodriquez and Hector M. jointly petitioned the Probate Court for the District of Windham voluntarily to transfer temporary guardianship of the two children to Hilda Padilla. The request was silent as to the length of the temporary term of guardianship, but indicated that in no event was the transfer to stay in effect beyond one year from the date of the decree. On September 6, 2000, Windham Probate Judge Dennis O'Brien granted the request and issued an order that temporary guardianship and custody of the children be transferred to Hilda Padilla while the parents remained in the State of Maryland. This temporary guardianship was ordered to terminate on November 6, 2000.
On July 6, 2001, Hilda Padilla left the children in the care of Lynnette Rodriquez within the State of Connecticut. On July 11, 2001, the Department of Children and Families (DCF) became involved but no petition of neglect with filed with the Superior Court for Juvenile Matters. The record is not clear as to when the children returned to reside with Hilda Padilla but on August 1, 2001 Hilda was arrested for possession of heroin CT Page 5027 and possession with intent to sell and at that time the children were in the care of another DCF involved family. On October 1, 2001, Hector M. who lived with his mother, Hilda Padilla, was arrested for possession of heroin and cocaine with intent to sell.
On October 1, 2001, Lynnette Rodriquez petitioned the Probate Court to remove Hilda Padilla as guardian and on October 3, 2001 she petitioned the Probate Court to grant guardianship to her mother, Carmen Perez. These petitions, it was noted by the Windham Probate Court, were filed on the advice of DCF. On October 3, 2001, the Probate Court for the District of Windham transferred these petitions to the Probate Court for the District of Eastford, where the children were already residing with Carmen Perez. Also residing there was mother, Lynnette Rodriquez.
Judge Michael Ellsworth, of the Eastford Probate Court, issued an order of immediate temporary custody to Carmen Perez on October 3, 2001 and set the matter down for a hearing to be held on October 11, 2001, at 6:00 PM. Hilda Padilla received in-hand service of this hearing from a State Marshal on October 6, 2001. At some point she hired Attorney Miguel Segarra who called the Probate Court asking for a continuance of the hearing which was not granted. The hearing was held on October 11, 2001 at 6:00 PM. In attendance were Attorney John McGrath, Lynnette Rodriquez, Carmen Perez, DCF social worker Bianca Caban, and another party the role of which is not clear, but which does not affect this decision. Neither Hilda Padilla nor Attorney Segarra attended. The Probate Court received reports from DCF and Attorney John McGrath, representing the children, and entered an order that temporary guardianship be given immediately to Carmen Perez. It is from this order that the petitioner appeals.
Jurisdiction over appeals from probate is created by CGS, Sec. 45a-186, which provides that, "any person aggrieved by an order, denial or decree of the court of probate in any matter . . . may appeal therefrom to the Superior Court. . . ." At issue here is whether or not the petitioner is aggrieved. Without aggrievement she lacks standing to bring this appeal. "Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with genuine and legitimate interest can appeal an order of the probate court." Kucej v. Kucej,34 Conn. App. 579, 581 (1994) At the time the Probate Court for the District of Eastford acted on the petition to appoint Carmen Perez as temporary guardian of the children on October 11, 2001, Hilda Padilla was not the guardian of those children and had not been so for some time. Although she may have had temporary de facto custody of them during some periods following the end of her guardianship, that did not operate to extend the explicit order of the Probate Court that her term of guardianship ended on November 6, 2000. At any time following that date, CT Page 5028 either Lynnette Rodriquez or Hector M. could have exercised their parental rights and removed those children from Hilda Padilla. Guardianship had reverted to them by operation of law. Without that legal status at the time of the filing of the removal petition, Hilda Padilla had no standing to be aggrieved within the meaning of the statute.
Additionally, the petitioner failed to follow the statutory procedure to "give security for costs in the amount of one hundred fifty dollars" (CGS, Sec. 45a-186 (a)) nor did she move for permission to appeal, both items necessary to confer upon the Court subject matter jurisdiction. In this case, however, the Court has waived that issue to allow a decision on the underlying question of aggrievement.
The Petition For Appeal is denied.
By the Court,
 ___________________ MACK, J