[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This motion to dismiss concerns the plaintiff's December 29, 1999 appeal from a decree granting a conservator's final accounting made by the Probate Court for the district of Stamford on December 1, 1999. The plaintiff, David Royce, is an heir and legatee of the decedent, Nancy Royce Todd. The defendant, William E. Strada Jr., was appointed conservator of the decedent's estate. In his motion to appeal from probate, the plaintiff alleges that the final accounting decree contains numerous errors which reduce the corpus of the estate and thus decrease the share of it that is payable to him. The defendant filed a motion to dismiss on October 31, 2002, based on the following two grounds: the plaintiff does not have standing to bring this appeal because he does not allege nor is he aggrieved by any actions of the Probate Court or the defendant; and the writ was not returned to the Superior Court at least six days before the return date as required by General Statutes52-46a.[1] The plaintiff filed a memorandum in opposition on November 12, 2002.
As to the first argument, "the right to appeal from a Probate Court decree, or standing to do so, is statutorily conferred by General Statutes § 45a-186, which determines standing by whether a party is aggrieved by that decree." In Re Jessica M., 71 Conn. App. 417, 424,802 A.2d 197 (2002). Section 45a-186 (a) provides in relevant part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court." Accordingly, our Supreme Court has stated: "[b]ecause the right to appeal from the decision of a Probate Court is statutorily conferred by [§ 45a-186] the absence of aggrievement, as required by that statute, is a defect that deprives the Superior Court of jurisdiction to entertain the appeal." (Internal quotation marks omitted.) Baskin's Appeal from Probate, 194 Conn. 635,637, 484 A.2d 934 (1984); see also In Re Jessica M., supra,71 Conn. App. 424. CT Page 2578-bn
"In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected . . . The issue of whether [a party] was aggrieved under [§ 45a-186] by the actions of the Probate Court is to be distinguished from the question of whether, on a review of the merits, it will prevail. To examine the present issue the two parts of aggrievement need to be considered: (1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the Probate Court's decision on that interest." (Citations omitted; internal quotation marks omitted.)Erisoty's Appeal from Probate, 216 Conn. 514, 519-20, 582 A.2d 760
(1990). "[T]he legally protected interest affected by the Probate Court decision may be a direct pecuniary one, or it may consist of an injurious effect upon some legally protected right or status of the appellant." (Internal quotation marks omitted.) In Re Jessica M., supra, 425.[2]
The court finds that the plaintiff is aggrieved according to the terms of § 45a-186 and case law that interprets the statute and thus has standing to bring this appeal. See Grossman v. Probate Appeal, Superior Court, judicial district of Stamford, Docket No. CV 01486998 (October 10, 1996, Karazin, J.) (17 Conn.L.Rptr. 672). The plaintiff's specific personal and legal interest in the probate decree is demonstrated in paragraph one of his motion for appeal in which he states that he is an heir at law and legatee of the decedent. He alleges personal injury in paragraph two of the motion when he states that his share of the estate has been reduced by the errors in the final accounting. "It is well settled that a person's right of inheritance vests at the moment of the decedent's death . . ." (Internal quotation marks omitted.) Gaynor v.Payne, 261 Conn. 585, 592, 804 A.2d 170 (2002). Therefore, because the plaintiff has a vested share in the estate and he alleges that errors in the final accounting adversely affected his pecuniary interests, he is an aggrieved person under § 45a-186.
In his second ground, the defendant argues that this court lacks jurisdiction because the return date is February 1, 2000, and the plaintiff returned the writ on January 28, 2000, which is less than six days before the return date and thus did not comply with § 52-46a. Although the decree allowing appeal from probate states that "the complainant has moved an appeal to the Superior Court . . . on February 1, 2000," this does not constitute the return date. As stated by the court in Kucej v. Kucej, 34 Conn. App. 579, 584, 642 A.2d 81 (1994), such language does not set a return date, rather, the effect of such a decree is to simply state that a plaintiff must comply with the requirements of return of process. An examination of the record reveals that the return date is March 6, 2000.[3] Because the court's records show that the CT Page 2578-bo return date was March 6, 2000 and the sheriff's return of process was made on January 28, 2000, the plaintiff has met the requirements of § 52-46a, and the court has subject matter jurisdiction to hear this appeal.
For the foregoing reasons, the defendant's motion to dismiss is denied.
Comerford, J.