[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #106
 ISSUE
Before the court is the defendants' motion for summary judgment on the grounds that the plaintiff is not an aggrieved party and that the motion for appeal from probate is legally insufficient. The defendants' motion for summary judgment is denied.
 FACTS
On July 10, 2002, the plaintiff, Joseph Feinberg, filed a motion for appeal from probate. The plaintiff's motion for appeal from probate arises from a corrected order and decree from the Probate Court ordering the plaintiff "to disclose and produce certain documents and items in accordance with a subpoena duces tecum." (Motion for Appeal from Probate, ¶ 2.) The court, McNamara, J., granted the defendants' motion to compel compliance with the subpoena duces tecum on April 16, 2002, from which the plaintiff appealed. The court thereafter wrote a corrected memorandum of decision dated May 20, 2002, and it is from this corrected memorandum of decision that the current motion for appeal from probate arises. Thereafter, the plaintiff filed his reasons for appeal on July 29, 2002, and the defendants filed their answer to these reasons on August 22, 2002.
On September 18, 2002, the defendants, Anne Gregory and Lillian Kline, filed a motion for summary judgment accompanied by exhibits. On October 21, 2002, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment, accompanied by exhibits and affidavits. The plaintiff filed a supplemental memorandum of law on November 1, 2002; it was also accompanied by an exhibit.
 DISCUSSION
"The motion for summary judgment is designed to eliminate the delay and CT Page 2502 expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries,Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527, 549-50,791 A.2d 489 (2002).
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Buell Industries Inc. v. Greater NewYork Mutual Ins. Co., supra, 259 Conn. 556. "[A]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." (Internal quotation marks omitted.) Id., 550.
The defendants move for summary judgment on the ground that there is no genuine issue of material fact and request judgment as a matter of law because (1) the plaintiff is not aggrieved as required by General Statutes § 45a-186, and (2) the motion for appeal is insufficient as a matter of law. The defendants argue that because the plaintiff is not aggrieved, this court lacks jurisdiction. Alternatively, the defendants argue that the motion submitted by the plaintiff does not allege facts that would support a finding of aggrievement. In support of their motion, the defendants submit the following: a copy of the corrected memorandum of decision, dated May 20, 2002; the plaintiff's motion for appeal from probate; the plaintiff's reasons for appeal; and several cases.
In opposition to the motion for summary judgment, the plaintiff argues CT Page 2503 that the statement that he is the brother and heir-at-law of William Feinberg, contained in his motion for appeal from probate, is sufficient to allege aggrievement under the statute. The plaintiff submits an affidavit in support of his opposition, as well as certified copies of the following: the death certificate and last will and testament of William Feinberg; the application for probate of William Feinberg's will; the memorandum of decision by the court, McNamara, J., dated April 16, 2002; the corrected memorandum of decision by the court, McNamara J., dated May 20, 2002; and the decree appointing the plaintiff as temporary administrator.
General Statutes § 45a-186 provides: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court . . ." General Statutes § 45a-186. "The trial court does not have subject matter jurisdiction to hear an appeal from probate unless the person seeking to be heard has standing . . . In order for an appellant to have standing to appeal from an order or decree of the Probate Court, the appellant must be aggrieved by the court's decision." (Citation omitted; internal quotation marks omitted.) Kucej v. Kucej,34 Conn. App. 579, 581, 642 A.2d 81 (1994). "Aggrievement as a concept of standing is a practical and functional one, designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court." (Internal quotation marks omitted.) Erisoty's Appeal fromProbate, 216 Conn. 514, 519, 582 A.2d 760 (1990). "In each appeal from probate . . . the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate." General Statutes § 45a-191.
The plaintiff, in his motion for appeal from probate, represented the following: "[Joseph Feinberg] is the brother, heir-at-law, and named executor of the late William Feinberg who died on March 14, 2001, domiciled in the City of New London . . ." (Emphasis added.) (Motion for Appeal from Probate, ¶ 1.) In support of his assertion, the plaintiff submits a certified copy of the last will and testament of William Feinberg, which provides: "I appoint my brother, Joseph L. Feinberg, Executor of this, my Last Will and Testament." (Emphasis added.) (Plaintiff's Objection to Defendants' Motions for Summary Judgment, Attachment 3.) The Supreme Court has "held unequivocally that an allegation that an appellant is an heir-at-law is a sufficient statement of the appellant's interest to satisfy [General Statutes § 45a-191] that the interest of the appellant which has been adversely affected be set forth." Luciano v. Choszczyk, 165 Conn. 24, 25, 327 A.2d 564 (1973), citing Ciglar v. Finklestone, 142 Conn. 432, 435, 114 A.2d 925 (1955). The plaintiff has asserted his status of heir-at-law on the face of the CT Page 2504 motion for appeal from probate, and thus has pleaded facts sufficient to show aggrievement under Connecticut law, in accordance with General Statutes §§ 45a-186 and 45a-191. In addition, the evidence submitted by the plaintiff, including the decedent's will, supports the plaintiff's assertion on the face of the motion for appeal that he is the brother and heir-at-law of the decedent. The plaintiff therefore has standing to appeal under § 45a-186, and this court retains subject matter jurisdiction over the plaintiff's appeal from probate. Kucej v. Kucej,supra, 34 Conn. App. 581.
The defendants' second argument, that the motion for appeal submitted by the plaintiff is insufficient as a matter of law, is moot. Defects in an appellant's motion in an appeal from probate must be asserted by a motion to dismiss. Hartford Kosher Caterers, Inc. v. Gazda, 165 Conn. 478,483, 338 A.2d 497 (1973). The filing of an answer to the reasons of appeal prior to a motion to dismiss constitutes a waiver of the defect by the opposing party. Id., 483-84. As discussed earlier, the defendants filed an answer to the reasons of appeal on August 22, 2002. This filing by the defendants constituted a waiver of any defects in the plaintiff's motion for appeal.
The plaintiff has sufficiently alleged aggrievement on the face of his motion for appeal. In addition, the defendants have waived the defense of insufficiency as a matter of law by filing an answer to the reasons of appeal prior to filing a motion to dismiss. The court therefore denies the defendants' motion for summary judgment.
 D. Michael Hurley Judge Trial Referee
CT Page 2505